OPINION
Appellant Nathan A. Pettry appeals two judgments of the Court of Common Pleas of Hancock County, regarding his guilty pleas in case numbers 98-117-CR and 99-49-CR. For the reasons expressed in the following opinion, we affirm the judgments of the trial court.
On June 30, 1998, Appellant was indicted in case number 98-117-CR on one count of aggravated robbery in violation of R.C.2911.01(A)(3), a first degree felony. Subsequently, on March 23, 1999, Appellant was indicted in case number 99-49-CR on one count of credit card theft in violation of R.C. 2913.02(A)(3), a fifth degree felony, and one count of theft of a motor vehicle in violation of 2913.02(A)(1), a fourth degree felony. After originally pleading not guilty to all three charges in both cases, Appellant, on July 8, 1999, withdrew his not guilty pleas and entered a plea of guilty to the three charges contained in the two cases. Subsequently, on August 19, 1999, after a pre-sentence report was prepared, the trial court sentenced Appellant.
In case number 98-117-CR, the trial court sentenced Appellant to four years in prison on the aggravated robbery charge. In case number 99-49-CR, the trial court sentenced Appellant to twelve months in prison on the credit card theft charge, to be served concurrently with a sixteen month prison term on the motor vehicle theft charge, and that these sentences shall be served concurrently with the sentence imposed in case number 98-117-CR.
Appellant timely appeals the trial court's judgments, which have been consolidated for purposes of this appeal, and asserts the following assignment of error for our review.
 The trial court erred in accepting Mr. Pettry's guilty plea when Mr. Pettry had not been made aware of the purpose element of aggravated robbery. The plea was thus involuntary. Section 1, Fourteenth Amendment, United States Constitution; Section 16, Article 1, Ohio Constitution; Crim.R. 11(C)(2)(a). (T.p. (July 8, 1999) 28-29, 34-35.)
Initially, we note that Appellant is appealing the trial court's judgments in case numbers 98-117-CR and 99-49-CR. However, Appellant only assigns error to the trial court's acceptance of Appellant's guilty plea with respect to the aggravated robbery charge in case number 98-117-CR. Appellate rule 16(A) states in pertinent part:
 The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
* * *
 (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
Because Appellant does not assign error to the trial court's judgment with respect to either theft charge in case number 99-49-CR, we affirm this judgment accordingly.
With respect to the trial court's judgment in case number 98-117-CR, Appellant claims that his guilty plea was involuntary because he was not informed of the purpose element of aggravated robbery in R.C. 2911.01. The purpose element stems from the offense of theft in R.C. 2913.02, which is the underlying offense of aggravated robbery. State v. Rance (1999), 85 Ohio St.3d 632,639. If a defendant does not knowingly, voluntarily, or intelligently enter a plea, or does not know the consequences of a plea, then it is a violation of due process and cannot be enforced under the United States Constitution or the Ohio Constitution.State v. Engle (1996), 74 Ohio St.3d 525; State v. Landgraf
(Sept. 2, 1999), Auglaize App. No. 2-99-4, unreported.
In support of his argument, Appellant first claims that the trial court did not comply with Crim.R. 11(C)(2), which states in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. * * *
The purpose of Crim.R. 11(C) is to "facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." State v. Nero (1990),56 Ohio St.3d 106, 107. With respect to Crim.R. 11(C), the Ohio Supreme Court originally held that trial courts must practice scrupulous adherence. State v. Caudill (1976), 48 Ohio St.2d 342. However, the Court has since abandoned the scrupulous adherence rule.
The standard that this court applies is whether there was substantial compliance with Crim.R. 11(C). State v. Ballard
(1981), 66 Ohio St.2d 473; Nero, 56 Ohio St.3d 106. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, at 108, citing State v.Stewart (1977), 51 Ohio St.2d 86. Under the substantial compliance standard, it is not necessary that the trial court recite the elements of the crime verbatim. State v. Shaffer (Nov. 5, 1999), Marion App. No. 9-99-41, unreported, citing State v.Rainey (1982), 3 Ohio App.3d 441, 442. In addition, "a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." Nero, at 108. "The test is whether the plea would have otherwise been made." Id.
In determining whether the trial court substantially complied with Crim.R. 11(C), we note the following pertinent portions of the plea transcript:
 The Court: Any questions that you still want to talk with the Court about concerning anything on the written plea form?
The Defendant: No, sir.
(Transcript, p. 9).
* * *
 The Court: Have you had sufficient time to think about and discuss with your attorney, Mrs. Larick, the agreement previously referred to, and the three separate pleas of guilty that you're about to enter?
The Defendant: Yes, sir.
(Transcript, p. 13).
* * *
 The Court: I'm assuming that you've talked to Mrs. Larick on several occasions about the three separate charges here. You know, any potential defenses you might or might not have. You've talked about plea negotiations and so forth, is that correct?
The Defendant: Yes, sir.
(Transcript, p. 24).
* * *
 The Court: Now it's my understand[ing] that you've had an opportunity to read over and review with Mrs. Larick the two separate plea documents, is that correct?
The Defendant: Yes, Your Honor.
(Transcript, p. 26).
* * *
 The Court: Are you satisfied with the services of Mrs. Larick as your attorney in this case?
The Defendant: Yes, sir.
(Transcript, p. 36).
In light of the record before us, we conclude that under the totality of the circumstances, Appellant understood the nature and implications of his guilty plea with respect to the aggravated robbery charge. In addition, Appellant had the opportunity to discuss his plea with his attorney. The record more than adequately demonstrates that Appellant's guilty plea was made knowingly, intelligently, and voluntarily, and that the trial court complied with the provisions in Crim.R. 11(C). Furthermore, Appellant has not demonstrated, nor is there anything in the record, which indicates that he would have pled otherwise.
In addition to the aforementioned argument, Appellant claims that the trial court's failure to advise him of the elements of aggravated robbery violated his due process rights under the United States Constitution and the Ohio Constitution. Because we held above that Appellant's guilty plea on the aggravated robbery charge was entered knowingly, intelligently, and voluntarily, we find that Appellant's due process rights were not violated under either the United States Constitution or the Ohio Constitution. See Engle, 74 Ohio St.3d 525.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we hereby affirm the judgments of the trial court in case numbers 98-117-CR and 99-49-CR for the reasons set forth above.
Judgments affirmed.
SHAW and BRYANT, JJ., concur.