OPINION
Defendant-appellant, Patrick M. Gillespie, appeals the decision of the Clermont County Court of Common Pleas accepting his guilty pleas and sentencing him for sexual battery and pandering obscenity. We affirm the decision of the trial court.
On April 7, 1999, the Clermont County Grand Jury returned a fifty-five count indictment against appellant. Counts one through six charged appellant with rape of a person younger than thirteen years of age; counts eight through fourteen charged appellant with gross sexual imposition of a person younger than thirteen years of age; counts fifteen and sixteen charged appellant with sexual battery and contained a sexually violent predator classification; and counts seventeen through fifty-five charged appellant with pandering obscenity involving a minor. The charges in this indictment concerned appellant's sexual contact with a minor child and the pornographic photographic images appellant created depicting the same child.
On May 5, 1999, the grand jury returned a second indictment against appellant, charging him with twenty-five counts of pandering obscenity involving a minor. The charges in this second indictment related to images of child pornography which appellant downloaded onto his computer.
Appellant appeared with counsel before the trial court on June 17, 1999 and pled guilty to two counts of sexual battery in violation of R.C. 2907.03(a)(5) and two counts of pandering obscenity involving a minor in violation of R.C.2907.321(A)(1).[1] In exchange for the plea, the state agreed to request leave to dismiss the remaining seventy-six charges contained in the two indictments.
Prior to accepting appellant's plea, the trial court advised appellant of his constitutional rights, the nature of the charges, and the possible maximum penalties. Appellant represented to the court that he fully understood that a guilty plea resulted in a waiver of his rights. In addition, appellant stated that he understood that he was admitting that he was guilty of each of the four charges and that he was also admitting to the specification of being a sexually violent predator. In addition, appellant voluntarily signed two written guilty pleas corresponding to the charges in the original indictments.
At the sentencing hearing on August 25, 1999, appellant's counsel requested that the trial court reject appellant's guilty plea regarding the sexually violent predator classification. The trial court declined to consider appellant's innocence with respect to a portion of a plea agreement to which he already admitted guilt. However, the trial court noted that it would consider a motion by appellant to withdraw his guilty plea in its entirety. Appellant and his counsel briefly conferred about the matter and informed the trial court that appellant would not move the court to set aside his guilty plea.
The trial court sentenced appellant to two consecutive terms of five years to life in prison for the sexual battery counts. For the two counts of pandering obscenity involving a minor, the trial court imposed upon appellant two eight year terms in prison, each to be served concurrently with each other and with the sentences for sexual battery. The trial court also adjudicated appellant as a sexual predator and a sexually violent predator. From the judgment of the trial court, appellant timely filed an appeal and raises three assignments of error.
In his first assignment of error, appellant challenges the validity of his plea agreement. Specifically, appellant maintains that his plea was not knowing, intelligent, or voluntary because that trial court failed to "provide critical information" to him regarding the violent sexual predator specification in accordance with Crim.R. 11(C). Appellant argues that the trial court should have explained to him the factors that establish a violent sexual predator classification.
In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." State v. Engle (1996), 74 Ohio St.3d 525,527. Failure on any of these points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272.
To protect a criminal defendant's rights, Crim.R.11(C) provides the procedure a trial judge must follow when accepting a guilty plea. Specifically, Crim.R.11(C)(2) requires:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
Although strict compliance with Crim.R. 11 is preferred, a reviewing court will consider a plea to be knowing, intelligent and voluntary so long as the trial judge substantially complies with Crim.R. 11. State v. Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
A defendant who challenges his guilty plea on the basis that it was not knowing, intelligent or voluntary must show a prejudicial effect. Id.; State v. Stewart (1977), 51 Ohio St.2d 86,93. "The test for prejudice is whether the plea would have otherwise been made." Nero, 56 Ohio St.3d at 108.
After a thorough review of the record in this case, we find that the trial court strictly complied with the mandates of Crim.R. 11(C)(2). In his brief, appellant concedes that the trial court did inform him "of the elements of the offenses charge [sic] against him, of the maximum penalties, of community control and judicial release, of good time and bad time, [and] of consecutive and concurrent sentencing."
Appellant only claims that the trial court did not provide information to him regarding the sexually violent predator specification. Yet, appellant candidly acknowledges in his brief that the trial court inquired whether counsel had reviewed the specification with appellant. Appellant responded affirmatively. There is nothing in the record to adequately support the assertion that appellant somehow did not understand the nature of the charges or the effect of the guilty plea. The United States Supreme Court has indicated that guilty pleas are constitutionally valid even when defendant learns about the nature of the charges from counsel rather than the court:
 Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.
Henderson v. Morgan (1976), 426 U.S. 637, 647. Here, appellant represented to the court that he had discussed with his counsel the sexually violent predator specification and understood its nature and meaning. There was no reason for the trial court to disbelieve appellant's answer and there is no reason for this court to reverse the trial court's determination that appellant made his plea knowingly, intelligently and voluntarily.
Appellant also challenges the validity of his plea because his trial counsel challenged the sexually violent predator specification at the sentencing hearing. In response to appellant's arguments, the trial court stated that it would consider a motion by appellant to withdraw his guilty plea in its entirety. Appellant and his counsel briefly conferred about the matter and informed the trial court that appellant would not move the court to set aside his guilty plea. We decline appellant's invitation to infer that counsel's arguments somehow "demonstrate the deep and pervasive nature of the consequent lack of information presented to [appellant]." Nor will we speculate about the significance of the length of the discussion between counsel and appellant before they announced to the trial court that they wished to continue with the plea agreement.
Appellant was thoroughly advised of the effect of his guilty plea by the trial court on May 5, 1999. Prior to accepting appellant's guilty plea, the trial court engaged appellant in a meaningful plea colloquy. Appellant also voluntarily signed two written plea agreements that reiterated both the maximum penalties and the waiver of constitutional rights. Moreover, appellant pled guilty to four felony counts and the remaining seventy-six felony charges were dismissed as a result of the plea agreement. Faced with a trial on eighty felony charges, appellant also has failed to demonstrate any prejudice such that his plea would not have otherwise been made. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court incorrectly sentenced him to two consecutive prison terms for sexual battery. Specifically, appellant maintains that the trial court failed to apply R.C. 2929.14(E)(4) before ordering him to serve consecutive sentences.
Generally, a trial court must make certain findings specified in R.C. 2971.03(E)(4) before imposing consecutive sentences upon a criminal defendant.[2] R.C. 2971.03, the statute governing sentencing sexually violent offenders, is generally subject to the requirements of R.C. 2929.14(E)(4). R.C. 2971.03(A). However, R.C. 2971.03(E) explicitly provides that:
 If the offender is convicted of or pleads guilty to two or more offenses for which a prison term * * * is required to be imposed pursuant to division (A) of this section, divisions (A) to (D) of this section shall be applied for each offense. All minimum terms imposed upon the offender pursuant to division (A)(3) of this section for those offenses shall be aggregated and served consecutively, as if they were a single minimum term imposed under that division.
We read R.C. 2971.03(E) and 2971(A)(3)[3] to require the trial court to impose consecutive sentences any time a criminal defendant is convicted of or pleads guilty to multiple offenses with a sexually violent predator specification. To impose any other consecutive sentences for crimes outside of R.C. Chapter 2971, the trial court must follow the mandates of R.C. 2929.14(E).
In this case, appellant pled guilty to two counts of sexual battery in violation of R.C. 2907.03(a)(5), each with a sexually violent predator classification. The trial court sentenced appellant to an indefinite term of five years to life in prison for each count in accordance with R.C. 2971(A)(3). Therefore, under R.C. 2971.03(E), the trial court appropriately ordered appellant to serve the sentences consecutively. Accordingly, appellant's second assignment of error is overruled.
In his third assignment of error, appellant argues that the trial court incorrectly sentenced him to serve the maximum terms for pandering obscenity. Specifically, he maintains that the trial court failed to state on the record the findings required by R.C. 2929.14(C) before imposing the longest prison term authorized for the offense.
An appellate court may not disturb a sentence imposed unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
The trial court sentenced appellant to the maximum allowable terms of imprisonment for pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1), which is a second degree felony. Pursuant to R.C. 2929.14(A)(2), when the trial court has determined that a prison term must be imposed upon the offender for a second degree felony, the court may impose a prison term of two to eight years.
If the offender has not served a previous prison term, the trial court must impose the minimum sentence of two years imprisonment, unless the trial court finds that to do so would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). A trial court may impose the maximum term of imprisonment upon offenders only if the trial court finds on the record, as relevant to the specific case, that the offender "committed the worst forms of the offense," or the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C).
Although the trial court is not required to use the "magic words" contained in the statute, substantial compliance is required. State v. Quinn (Aug. 30, 1999), Butler App. No. CA99-01-018, unreported, State v. Estrada (Sept. 18, 1998), Sandusky App. No. S-98-006, unreported; State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported, discretionary appeal not allowed (1998), 83 Ohio St.3d 1452. Substantial compliance will be found where the trial court has provided sufficient findings on the record to satisfy the requirements of R.C.2929.14(B) and (C). State v. Quinn (Aug. 30, 1999), Butler App. No. CA99-01-018, unreported. See, also, State v. Brooks (Aug. 18, 1998), Franklin App. No. 97APA11-1543, unreported.
In its judgment entries sentencing appellant, the trial court found pursuant to R.C. 2929.14(B) that "the shortest prison term will demean the seriousness of the defendant's conduct." In addition, at the sentencing hearing the trial court indicated that appellant committed the worst form of the offense and posed the greatest likelihood of committing future crimes. The trial court specifically stated:
 [T]he Court does find in this particular circumstance that this is a more serious offense than others like it in the sense that the mental injury to the victim is significant and also because of the age of the victim. The victim has in the Court's opinion * * * suffered severe psychological harm. The Court also notes that the offender's position — that his position in the home facilitated the offense. And that these offenses are part of a pattern of a sexual abuse of this particular victim spanning a period of nine years. As I indicated earlier, it began when she was a very young age.
 Recidivism is likely, frankly, because the Court has knowledge of the literature with respect to pedophilia and I believe under the circumstances of this case that he is likely to recidivate, if released.
Upon a thorough review of the record, it is clear that the trial court found that appellant committed "the worst forms of the offense" and poses "the greatest likelihood of committing future crimes" in imposing the maximum sentences under R.C.2929.14(C).[4] Therefore, we find that the sentences imposed upon appellant are supported by sufficient findings by the trial court and that they are within the statutory guidelines. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.
[1] Appellant pled guilty to one count of pandering obscenity for the images downloaded onto his computer and to one count of pandering obscenity for images he created of the minor victim.
[2] To impose consecutive prison terms, R.C. 2929.14(E)(4) requires a trial court to make three findings. First, consecutive terms must be necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(e)(4). Second, consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, one of the following must also apply: (a) the offender committed multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or was under post-release control for a prior offense; (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id.
[3] R.C. 2971.03(A)(3) provides in relevant part: [I]f the offense is an offense other than aggravated murder, murder, or an offense for which a term of life imprisonment may be imposed, [the trial court] shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment.
[4] By way of footnote, appellant argues that it is "IMPOSSIBLE to discern which offense the court is discussing" and that this "indicates a lack of clear and convincing findings made in the record." (Emphasis sic.) This assertion fails for two reasons. First, in this case the trial court was required to make findings according to R.C. 2929.14(B) and (C) only for the convictions for pandering obscenity involving a minor. Second, the record clearly demonstrates that appellant repeatedly photographed the child victim engaging in sexual activity and that he downloaded numerous sexual pictures of children onto his computer. The trial court indicated that the offense involving the child was "more serious * * * than others like it" for a variety of reasons. In addition, the trial court noted appellant's proclivity for pedophilia generally made him likely to recidivate, which is a finding applicable to both charges of pandering obscenity involving a minor.