DECISION
Charles B. Toops, defendant-appellant, appeals the conviction and sentence imposed on him by the Franklin County Court of Common Pleas. Appellant pled guilty to theft, a violation of R.C. 2913.02, and was sentenced to serve seventeen months in prison. The court also held that appellant's sentence was to be served consecutive to another prison sentence.
On March 10, 2000, Deborah Stoddard reported to police that her 1988 Oldsmobile Cutlass automobile had been stolen from her residence. Appellant, who had been living with Stoddard, was found driving her automobile. An indictment by a grand jury stated that appellant violated R.C. 2913.02 because he "knowingly obtain[ed] or exert[ed] control over said property without the consent of Debra [Stoddard] or person authorized to give consent, by deception, the said property is a motor vehicle." Appellant was also indicted for receiving stolen property, a violation of R.C. 2913.51.
On November 6, 2000, appellant pled guilty to theft, a violation of R.C. 2913.02. In exchange for his guilty plea, a nolle prosequi was entered by the prosecution for the receiving stolen property charge. Appellant signed a form, which stated: "I understand the maximum prison term(s) for my offense(s) to be as follows: 18 months and/or a fine not to exceed $5,000." At a hearing held before the trial court, appellant admitted he was guilty of committing the most recent offense. The trial court sentenced appellant to serve seventeen months in prison. Appellant appeals his conviction and sentence and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA IN VIOLATION OF CRIM. R. 11 AND DUE PROCESS GUARANTEES UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 II. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE TERMS OF INCARCERATION.
Appellant argues in his first assignment of error that the trial court erred when it accepted his guilty plea. Appellant contends that his guilty plea was not knowingly, voluntarily, and intelligently entered because the court "did not make a full inquiry into Appellant's understanding of the offense and the possible defenses that could be raised." Appellant claims the court violated Crim.R. 11 and his due process guarantees under the Ohio and United States Constitutions.
In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." State v. Engle (1996), 74 Ohio St.3d 525, 527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. "Crim.R. 11(C) outlines the procedure that a trial court must follow when accepting guilty pleas and is designed to ensure that a defendant's waiver of constitutional rights as a result of a guilty plea is knowing, voluntary and intelligent." State v. Thompson (May 3, 2001), Franklin App. No. 00AP-608, unreported. "A determination of whether a plea is knowing, intelligent and voluntary is based upon a review of the record." State v. Sanders (Mar. 10, 1997), Madison App. No. CA96-01-002, unreported, discretionary appeal not allowed (1997), 79 Ohio St.3d 1481, following State v. Spates (1992), 64 Ohio St.3d 269, 272.
Crim.R. 11(C)(2) states that a court shall not accept a plea of guilty in a felony case without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
A review of the transcript from appellant's plea hearing shows the trial court complied with the requirements of Crim.R. 11(C).
Throughout the proceeding the court asked appellant if he understood what was being stated by the court. The court then concluded:
 I am going to accept your plea then, Mr. Toops, because I think you know what you are doing here today. I believe that you are doing it voluntarily. I think you have knowingly, voluntarily and intelligently waived the rights that I have explained to you. I have discussed the penalties with you.
Before sentencing appellant, the court asked appellant if he wanted to address the court or had any questions for the court. Appellant did take the opportunity to address the court and stated "I know now that was the wrong thing to do, and I apologize for that."
Appellant also contends that his "response to the court was limited to a single word response, which showed no real comprehension or acceptance of the plea." However, a review of the transcript shows appellant's responses were not always limited to single word responses. Additionally, we find no case law that states a question asked by the court during a plea hearing which requires a "yes or no" response requires any more detail than that. A review of the transcript gives no indication that appellant misunderstood the court or in any way did not knowingly, intelligently, or voluntarily enter a guilty plea as required by the Ohio and United States Constitutions. Accordingly, appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court erred in imposing consecutive terms of incarceration. In their appellate brief, the state agreed that the trial court did not make the findings required by R.C. 2929.14(E)(4), which states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In addition to the required findings of R.C. 2929.14(E)(4), when imposing consecutive sentences, the trial court must also give its reasons for selecting consecutive sentences pursuant to R.C. 2929.19(B)(2)(c). State v. Rackham (Feb. 8, 2001), Franklin App. No. 00AP-531, unreported, discretionary appeal not allowed (2001), 91 Ohio St.3d 1525. "R.C.2929.19(B)(2) and its subsections require a trial court to provide an explanation to support its findings." State v. Johnson (Sept. 29, 2000), Franklin App. No. 99AP-1463, unreported, following State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
At the time appellant was sentenced for the theft conviction, he was also sentenced for a conviction in case No. 99CR-3691. The trial court held that appellant should serve seven months in prison for his conviction in that case, seventeen months for the theft conviction, and that the convictions should run consecutive to each other. However, a review of the record shows the trial court did not make the required findings pursuant to R.C. 2929.14(E)(4) or state the reasons for those findings pursuant to R.C. 2929.19(B)(2)(c). For this reason, we find the trial court erred. Appellant's second assignment of error is sustained.
Accordingly, appellant's first assignment of error is overruled and his second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded to that court for proceedings consistent with this decision.
 _____________________ BROWN, J.
KENNEDY, J., and BRYANT, P.J., concur.