OPINION
{¶ 1} Defendant-Appellant, Raymond Bush ("Appellant"), brings this appeal from a judgment of the Union County Common Pleas Court denying his post-sentence motion to withdraw a guilty plea. Because Appellant and the trial court were acting on the erroneous assumption that Appellant would be eligible to apply for judicial release after serving thirty days of the sentence imposed, his guilty pleas were not knowingly and intelligently entered. Therefore, the trial court erred in not granting Appellant's motion to withdraw his guilty plea.
 {¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. On August 20, 1997, the Union County Grand Jury returned a five-count indictment against Appellant for his participation in certain events occurring earlier that same month. The charges included two counts of breaking and entering, one count of grand theft of a motor vehicle, one count of theft, and one count of possession of criminal tools. All offenses were classified as fifth degree felonies except for grand theft of a motor vehicle, which was a felony of the fourth degree.
 {¶ 3} Appellant initially entered not guilty pleas and the matter was set for trial. However, Appellant subsequently made a motion to withdraw the original pleas in order to plead guilty to the indictment. On October 17, 1997, the trial court apparently held a hearing and entered judgment accepting the change of plea on all five counts.
 {¶ 4} Notably, the judgment entry included the following language: "I understand that if I am sentenced to prison terms I am eligible for judicial release upon serving not less than 30 days nor more than 90 days, after entering a state correctional institution." The entry goes on to state: "This Court finds the Defendant fully understood the waiver of his constitutional rights and the nature of the offenses, the range of penalties therefore, and that he is eligible for judicial release." This judgment entry was signed by Appellant, both attorneys involved in the case, and the trial judge. Sentencing was continued pending the preparation of a presentence investigation report.
 {¶ 5} By way of entry dated December 2, 1997, the trial court ordered Appellant to serve eighteen months in prison on the fourth degree felony, and twelve months on each of the fifth degree felonies. These terms represented the maximum allowable sentences under R.C. 2929.14. In addition to the maximum terms, the court also ordered all sentences to be served consecutively, for a total of 5 1/2 years. Appellant did not directly appeal the sentence.
 {¶ 6} Thereafter, on May 28, 1998, Appellant, through counsel, filed a motion for judicial release pursuant to R.C. 2929.20. In a one-sentence judgment entry, the trial court overruled Appellant's motion. Approximately six months later, on December 30, 1998, Appellant filed a pro se motion to modify the sentence pursuant to R.C. 2929.51. Specifically, Appellant requested the court to modify the order from consecutive to concurrent prison terms. The trial court summarily overruled this motion as well. Thereafter, Appellant filed a pro se motion for judicial release in July 1999. Again, the trial court denied the motion.
 {¶ 7} Subsequently, Appellant retained new counsel. On November 1, 2000, Appellant's attorney filed a motion to withdraw the guilty pleas pursuant to Crim.R. 32.1, arguing that a "manifest injustice" had occurred because Appellant did not enter the pleas knowingly or intelligently as they were based upon false information. More specifically, although the judgment entry of conviction states that Appellant would be eligible to apply for judicial release after thirty days from entering a state correctional facility, this is not permitted under Ohio's felony sentencing laws. We note that the State of Ohio filed a response to the motion, asserting that the prosecutor intended to support early judicial release after Appellant had served only forty-five days of his sentence. Notwithstanding, on November 13, 2000, the trial court overruled Appellant's motion without providing a basis for the decision.
 {¶ 8} On appeal to this Court, we noted that while Appellant's plea was based upon an impermissible interpretation of Ohio sentencing law concerning judicial release, his claim of not entering a knowing and voluntary plea was constitutional in nature and, thus, had to be interpreted as an untimely petition for post-conviction relief pursuant to the Ohio Supreme Court's decision in State v. Reynolds.[1] Upon further review, the Supreme Court determined that postconviction remedies did not govern defendants' postsentence motions to withdraw their respective guilty pleas and reversed and remanded the cause to this Court for a determination on the merits of Appellant's claims.[2]
 Assignment of Error I {¶ 9} "The trial court erred when it denied Mr. Bush's motion to withdraw his guilty pleas."
 {¶ 10} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides: "A motion to withdraw a plea of guilty may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. Additionally, when a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.[3] Failure on any of those points renders enforcement of the plea unconstitutional under both the United States and Ohio Constitutions.[4]
 {¶ 11} In State v. Engle, the Ohio Supreme Court held that when a defendant enters and a court accepts a guilty plea with both acting on an erroneous understanding of the applicable law, the plea is not made knowingly and intelligently.[5] Herein, as quoted above, Appellant and the trial court were acting on the erroneous assumption that Appellant would be eligible to apply for judicial release after thirty days from entering a state correctional facility. However, due to the length of Appellant's sentence and the applicable statutory directives in effect at that time, Appellant was not eligible for judicial release until he completed five years of the sentence imposed.[6] Accordingly, we find that Appellant's guilty pleas were not entered knowingly or intelligently, thus creating a manifest injustice warranting withdrawal of his pleas.
 {¶ 12} For these reasons, we find merit to Appellant's assignment of error, and it is hereby sustained.
 {¶ 13} Having found error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby reversed and the matter is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 SHAW, P.J., and HADLEY, J., concur.
[1] (1997), 79 Ohio St.3d 158.
[2] State v. Bush (2002), 96 Ohio St.3d 235, 239, 2002-Ohio-3993, at ¶ 14.
[3] State v. Engle (1996), 74 Ohio St.3d 525, 527, 1996-Ohio-179.
[4] Id., citing Kercheval v. United States (1927), 274 U.S. 220, 223;Mabry v. Johnson (1984), 467 U.S. 504, 508-509; State v. Kelley (1991),57 Ohio St.3d 127; Crim.R. 11(C).
[5] Engle, 74 Ohio St.3d at 527-28.
[6] R.C. 2929.20(B)(3).