[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 525.]

THE STATE OF OHIO, APPELLEE, *v*. ENGLE, APPELLANT.

[Cite as *State v. Engle*, 1996-Ohio-179.]

*Criminal law—Pleas—Enforcement of plea unconstitutional, when—Plea not knowingly or intelligently made, when—Crim.R. 11(C), applied.*

(No. 94-2042—Submitted December 6, 1995—Decided February 14, 1996.)

APPEAL from the Court of Appeals for Fairfield County, No. 38-CA-OCT-92.

_____

{¶ 1} Appellant, Edna Mae Engle, and her husband, John Engle, Jr., were the parents of ten children. On July 9, 1991, John Engle's sister reported to the Fairfield County Sheriff's Office that she believed the Engles' son Christopher was dead. She stated that appellant had told her some weeks earlier that John Engle had killed Christopher. Subsequently, Mrs. Engle gave a statement to investigators that her husband had poured scalding water on Christopher and that Christopher had died two days later. Mrs. Engle was indicted on August 2, 1991, by the Fairfield County Grand Jury on one count of aggravated murder with a death-penalty specification, two counts of abuse of a corpse, three counts of forgery, two counts of perjury, sixteen counts of child endangering, one count of obstruction of justice, and one count of theft. The theft and forgery counts related to welfare fraud.

{¶ 2} Trial began on August 25 before a jury. The state rested on September 4, and the court overruled a defense motion for acquittal. After the defense gave its opening statement on September 8, but before any evidence was presented, the state filed a motion *in limine* to prevent appellant's expert and others from testifying about duress and the battered woman syndrome. The court granted the motion. Defense counsel then asked for a recess to confer with the prosecution.

{¶ 3} Following the recess, the state announced that the defendant would be changing her plea to several counts in the indictment. "We further anticipate the

Defendant filing an appeal to appeal the Court's rulings that have been rendered previously in this case," the prosecutor informed the court. "Certainly, she is permitted to file an appeal pursuant to this negotiated plea." The prosecutor further informed the court that the state would be dismissing the remainder of the counts "without prejudice only if she wins her appeal and is entitled to a completely new trial."

{¶ 4} Defendant then pleaded no contest to one count each of murder, obstruction of justice, and theft, three counts of forgery, two counts of perjury and six counts of child endangering. The court then found her guilty on those counts and sentenced her to fifteen years to life on the murder charge, to be served consecutively and to a term of nineteen and one-half years on the other charges.

{¶ 5} On appeal, the Court of Appeals for Fairfield County in a split decision held that under Crim. R. 12(H), appellant had waived the assignments of error that were based on the trial court's refusal to allow testimony on the battered woman syndrome or duress and the trial court's refusal to dismiss the aggravated murder and child endangering counts for insufficient evidence. The court of appeals also rejected appellant's claim that her plea had not been voluntary because it was based on a belief that she could appeal certain issues.

{¶ 6} The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Gregg Marx,* Assistant Fairfield County Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Kort Gatterdam* and *David Hanson*, Assistant Public Defenders, for appellant.

———————————

**WRIGHT, J.**

{¶ 7} When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points

renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *Kercheval v. United States* (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012; *Mabry v. Johnson* (1984), 467 U.S. 504, 508-509, 104 S.Ct. 2543, 2546-2547, 81 L.Ed.2d 437, 443; *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct 1709, 23 L.Ed.2d 274; *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658; Crim. R. 11(C).

**{¶ 8}** In *State v. Caudill* (1976), 48 Ohio St. 2d 342, 2 O.O.3d 467, 358 N.E.2d 601, this court reversed a conviction for aggravated murder where the defendant's lawyers had prepared a written statement which withdrew pleas of not guilty and not guilty by reason of insanity and which entered a no contest plea. The statement also recited that the defendant understood his rights under Crim. R. 11(C)(2). In *Caudill*, the trial court asked whether the defendant had read everything in the statement, but neither personally informed him of his rights nor personally informed him of what he was giving up. Paragraph two of the syllabus states: "Adherence to the provisions of Crim. R. 11(C)(2) requires an oral dialogue between the trial court and the defendant which enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest."

**{¶ 9}** In the instant case, the prosecutor, in explaining the plea bargain to the court, made no fewer than six references to an appeal by the defendant in a colloquy that covers only seven sentences in the trial transcript. Defense counsel, noting that the defendant had earlier been deemed incompetent to stand trial, asked the court to determine whether Engle's pleas were voluntary. Based on the prosecutor's statements to the court, it is beyond doubt that defense counsel had explained to his client the strategy of pleading to reduced charges and appealing the trial court's adverse rulings, rather than proceeding with a defense that had been stripped of its key elements.

**{¶ 10}** The trial court listened without uttering a word of correction. The judge did inquire about the defendant's understanding of her pleas as required by Crim. R. 11(C)(2). The record reflects that all the parties, including the judge and the prosecutor, shared the impression that appellant could appeal rulings other than a pretrial motion. Crim.R. 12(H). In fact, at the sentencing hearing, the judge advised the defendant: "I want to be sure that you understand that you have the right to appeal the decision of this Court."

**{¶ 11}** Judge Hoffman noted in his dissent below, "[a]ppellant's agreement to the plea bargain implies her understanding that she could appeal those issues. Likewise, though the trial court did not expressly confirm the prosecutor's representation of the availability of appeal on those issues, its failure to advise the prosecutor, defense attorney and/or the defendant to the contrary would be considered by most defendants to be a tacit affirmation/recognition of her ability to appeal those very issues."

**{¶ 12}** Although the trial court may have followed the letter of *Caudill*, it did not follow its intent. There can be no doubt that the defendant's plea was predicated on a belief that she could appeal the trial court's rulings that her counsel believed had stripped her of any meaningful defense. Therefore, her plea was not made knowingly or intelligently. Consequently, we remand this cause to the trial court with instructions that Mrs. Engle be given the opportunity to withdraw her plea and proceed to trial. The state, of course, is also free to reinstate the original charges. In light of this decision, appellant's second and third propositions of law are rendered moot.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER AND COOK, JJ., CONCUR.

MOYER, C.J., DOUGLAS, RESNICK and COOK, JJ., concur separately.

————————————

**ALICE ROBIE RESNICK, J., concurring.**

{¶ 13} I reluctantly concur in the majority's judgment and opinion. Because of the serious nature of the offenses committed in this case, I find it difficult to reverse the convictions. However, I believe we are compelled to reach such a result because of what appears to be a grave misunderstanding of the law on the part of the trial court, the prosecutor, and the defense attorney. This case presents the issue of whether a defendant's plea of no contest precludes appellate review of the merits of pretrial motions *in limine* and for judgment of acquittal. The confusion in this area is somewhat understandable, since this issue has never been clearly addressed by this court. I therefore write separately because I do not believe the majority adequately sets forth the law applicable to this situation.

{¶ 14} In Ohio, a defendant's plea of no contest does not preclude appellate review of the merits of a pretrial motion to suppress. Crim.R. 12(H); *State v. Ulis* (1992), 65 Ohio St.3d 83, 600 N.E.2d 1040; *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, syllabus; *State v. Renalist, Inc.* (1978), 56 Ohio St.2d 276, 281, 10 O.O.3d 408, 411, 383 N.E.2d 892, 896, fn. 4. Where the denial of a pretrial motion to suppress is dispositive of the action, judicial economy is served by allowing the defendant to plead no contest and then to appeal the evidentiary ruling rather than completing the trial. *Kretz*, 60 Ohio St.3d at 4, 573 N.E.2d at 35; *State v. Malinovsky* (1991), 60 Ohio St.3d 20, 23, 573 N.E.2d 22, 25. In such a case, the denial of the motion to suppress is dispositive because it eliminates all possible defenses to the charge. Likewise, judicial economy is served by allowing an appeal, after a plea of no contest, of a trial court's denial of a pretrial motion to dismiss based on a violation of the defendant's statutory right to a speedy trial. *Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 171-172, 25 OBR 212, 213, 495 N.E.2d 581, 582, fn. 2; *State v. Luna* (1982), 2 Ohio St.3d 57, 58, 2 OBR 615-616, 442 N.E.2d 1284, 1285.

**{¶ 15}** The *Kretz* court distinguished motions *in limine* from motions to suppress:

"A motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted. *State v. Grubb* (1986), 28 Ohio St.3d 199, 201-202, 28 OBR 285, 288, 503 N.E.2d 142, 145." *Kretz*, 60 Ohio St.3d at 4, 573 N.E.2d at 35.

**{¶ 16}** Judicial economy could not be served by an appeal of such a ruling after a plea of no contest. Rather, it is more efficient for the case to proceed to trial and for the evidentiary issue to be finally determined at trial. A plea of no contest and an immediate appeal would be premature and would not afford the appellate court the benefit of a complete record upon which to review the issue. See *Malinovsky*, 60 Ohio St.3d at 24-25, 573 N.E.2d at 26-27 (Resnick, J., dissenting). By entering a plea of no contest in such a case, the defendant voluntarily waives the right to appeal the ruling on the motion.

**{¶ 17}** In the case *sub judice*, the rulings appellant states that she would appeal include the trial court's order granting the state's motion *in limine*, finding inadmissible any evidence regarding duress and battered woman's syndrome, and the court's denial of appellant's Crim.R. 29 motion for judgment of acquittal. The ruling granting the motion *in limine* was a tentative ruling based on the relevance of the evidence. The ruling could be changed anytime prior to or during trial. The Crim.R. 29 motion was also preliminary. Appellant could have renewed her motion following the presentation of her evidence and the jury could have acquitted her notwithstanding the court's rulings on the motions. Thus, both rulings were *not* appealable until after the completion of the trial. By entering a pretrial plea of no contest, appellant waived her right to appeal the rulings.

**{¶ 18}** However, as the majority points out, in the case at bar, the trial court, the prosecutor, and the defense attorney all misled the defendant as to her right to appeal the court's ruling on the motion *in limine*.[1] At best this demonstrates confusion on the part of these officers of the court and of the court itself as to the state of the law; at worst it shows an appalling lack of concern for the preservation of a fair system which accurately determines the guilt or innocence of accused parties. As the majority correctly holds, with inaccurate legal advice, appellant's plea could not have been made knowingly or intelligently. It was the duty of all officers of the court, that is, the prosecution, the defense attorney, and the trial court itself, to ensure that appellant understood the implications of her plea of no contest.

**{¶ 19}** Accordingly, I respectfully concur with the majority's decision and opinion.

MOYER, C.J., DOUGLAS and COOK, JJ., concur in the foregoing concurring opinion.

---

1. When explaining the plea agreement to the court, the prosecutor stated:

"We further anticipate the Defendant filing an appeal to appeal the Court's rulings that have been rendered previously in this case. Certainly she is permitted to file an appeal pursuant to this negotiated plea. However, if she wins her appeal so that she's entitled to a new trial on the entire indictment, that would be out--well, it is our motion that we're dismissing Counts 2 and 3, 11, 13, 14, 15, 17, 19, 21, 23, 25 and 26 without prejudice only if she wins her appeal and is entitled to a completely new trial.

"Further, I anticipate that again we would at least potentially be able to reinstitute the indictment as to Count 1 if she completely gets a new trial based on the appeal.

"Another possibility of the appeal would be that the Court feels that there was insufficient evidence on some counts, sufficient on another. If that's the case, we're not going to retry her. This would only be if the Court of Appeals holds that this entire conviction is null and void, then we can retry her."

Neither the court nor appellant's defense attorney corrected the prosecutor. When determining the validity of the plea, the court stated:

"Okay. And do you understand also that the Prosecution has recommended to the Court, and they will in fact, based on the fact of your finding of guilty and after the appeal, that all the other counts in this indictment will be nolled or what we would commonly refer to as being dismissed? Do you understand that?"

Again, neither the prosecutor nor the defense attorney corrected this statement.