OPINION
Defendant Bard Huntsman appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of contributing to the delinquency of a minor in violation of R.C. 2907.31, and one count of contributing to the unruliness or delinquency of a minor in violation of R.C.2919.24, after appellant pled no contest. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR I THE NO CONTEST PLEAS SHOULD NOT HAVE BEEN ACCEPTED BY THE TRIAL COURT BECAUSE THEY WERE NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE AS THEY WERE BASED UPON A PROMISE OF AN APPEAL WHICH WAS, AT BEST, ILLUSORY.
 ASSIGNMENT OF ERROR II THE NO CONTEST PLEAS SHOULD HAVE BEEN VACATED BECAUSE THEY WERE NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE AS THEY WERE BASED UPON A PROMISE OF AN APPEAL WHICH WAS, AT THE BEST ILLUSORY.
The record indicates appellant was indicted in 1997 on one count of rape, two counts of sexual battery, one count of sexual imposition, five counts of disseminating matter harmful to juveniles, and one count of corruption of a minor. Appellant was tried and convicted of one count of gross sexual imposition and five counts of disseminating matter harmful to juveniles, but acquitted on the rape, the sexual battery counts, and the corruption of a minor. Appellant appealed his conviction to this court, and we reversed in State v. Huntsman (December 7, 1998), Stark Appellate No. 98CA0012, unreported. Upon remand, appellant and the State of Ohio negotiated a plea agreement whereby the State would dismiss the felony counts against appellant, and appellant would plead no contest to the two misdemeanor cases. The trial court accepted the agreement, and accepted appellant's no contest plea after conducting the dialogue required by Crim.R. 11.
At the discussion on the plea, the defense counsel and appellant himself indicated the parties intended to file an appeal.
After the court accepted appellant's plea, entered a conviction, and sentenced him, appellant did appeal to this court. Appellant raised three assignments of error attacking the court's rulings on three pre-trial motions made and ruled upon with regard to the original charges, before the plea bargain. However, because the court had not journalized appellant's conviction, this court dismiss the appeal. Appellant then sought to withdraw his plea, urging he did not understand he had not preserved the evidentiary issues for appeal. The trial court overruled the motion, and this appeal resulted.
 I and II
Appellant urges his no-contest pleas were not made knowingly, intelligently, and voluntarily, because they were based on a promise he had a right to appeal. Although appellant can, and has appealed the judgment, the issues he sought to preserve before this court were waived by that plea.
Appellant cites us to State v. Engle (1996), 74 Ohio St.3d 525. InEngle, the Supreme Court described the Crim.R. 11 discussion between the trial court and the defendant. The Supreme Court noted the prosecutor made six references to an appeal by the defendant in a statement that contained only seven sentences. Defense counsel advised the court the defendant had earlier been deemed incompetent to stand trial, and asked the court to determine whether the defendant's pleas were voluntary. The Supreme Court found the record made it clear all parties, not only the defendant but the judge, defense counsel and prosecutor shared the mistaken impression that a no contest plea would preserve the issues raised in the case.
In the instant case, the trial court conducted a lengthy discussion with the prosecutor, appellant, and defense counsel. Defense counsel indicated appellant wished to preserve "all legal issues * * * that may exist in any appeal that may be taken in this matter." Tr. of Proceedings, at 133. Later, the court inquired directly of the appellant whether any promises had been made to him in return for his appeal. The appellant responded he had the promise of appeal. The court further stated, "that you have the right to take up some of the legal issues on appeal" and appellant responded "yes". Tr. at 141.
Our review of the transcript leads us to conclude this case is quite different from Engle, supra.
The Supreme Court has repeatedly held the trial court's ruling on a motion in limine is not subject to appellate review, see State v. Brown
(1988), 38 Ohio St.3d 305. Here, appellant had the option of going forward at trial, reiterating his objections originally raised in the motions in limine, and if he were unsuccessful, to raise those issues before us. Instead, appellant avoided standing trial on all the felonies. The trial court made it amply clear before accepting the plea that in pleading no contest he was relieving the State of presenting evidence against him. Obviously, a no-contest plea would then not preserve claimed error in any evidence the State might have brought had there been a trial.
We have reviewed the record, and we find the trial court correctly found appellant made the no-contest plea knowingly, intelligently, and voluntarily.
Crim.R. 32.1 governs withdrawals of pleas. After sentencing, the court may set aside the conviction and permit the defendant to withdraw his or her plea only to correct manifest injustice, and the motion is addressed to the sound discretion of the trial court. This court may reverse a trial court's ruling on the motion to withdraw the plea only on the finding of abuse of discretion. Abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See, e.g. Statev. Adams (1980) 62 Ohio St.2d 151 at 157.
We find no abuse of discretion in the record before us.
We conclude the trial court properly accepted appellant's pleas of no-contest, and appropriately overruled the motion to withdraw those pleas. Accordingly, both assignments of error are overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgments of the Court of Common Pleas of Stark County, Ohio, are affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
Gwin, P.J., Farmer, J., and Wise, J., concur.