OPINION
{¶ 1} Defendant, James Jones, Jr., appeals from his conviction and sentence for Robbery, R.C. 2911.02(A)(3), which were entered on his negotiated plea of guilty, and from the trial court's denial of his Crim.R. 32.1 motion to withdraw that plea. He presents two assignments of error for review.
 FIRST ASSIGNMENT OF ERROR {¶ 2} "Appellant's Plea Was Not Knowingly And Freely Given Because He Expressly Denied The Facts Of The Charges."
 {¶ 3} A person is not criminally liable unless (1) the person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing and (2) the person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense. R.C. 2901.21(A). A plea of guilty is a full and complete admission of criminal liability. Crim.R. 11(A).
 {¶ 4} "When a defendant enters a plea of guilty in a criminal case, the plea must be made knowingly, intelligently and voluntarily. Failure on any of these points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179.
 {¶ 5} Crim.R. 11(C) imposes certain conditions on the trial court before it may accept a plea of guilty or no contest to a felony offense. The purpose of those requirements is to assure that the plea is knowingly, intelligently, and voluntarily made.
 {¶ 6} Crim.R. 11(C)(1)(a) provides that the court may not accept a plea of guilty to a felony charge "without first addressing the defendant . . . (and) . . . "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 7} Defendant entered a plea of guilty to a charge of Robbery, R.C. 2911.02(A)(3), which states: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense shall . . . [i]nflict, attempt to inflict, or threaten to inflict physical ham on another." Before it accepted Defendant's plea, the court engaged Defendant in the following colloquy, calling first on the prosecuting attorney:
 {¶ 8} "THE COURT: Mr. Hunter, will you place on the record the elements of the offense that Mr. Jones would be pleading to?
 {¶ 9} "MR. HUNTER: The State of Ohio is prepared to prove that on or about February 4, 2002, in Greene County, Ohio, the Defendant, Mr. James Jones, Jr., did, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, use or threaten the immediate use of force against another, contrary to and in violation of Section 2911.02(A)(3) of the Ohio Revised Code and against the peace and dignity of the State of Ohio, that being Robbery, a felony of the third degree.
 {¶ 10} "And, briefly, on February 4, 2002, the Defendant, Mr. James Jones, along with another individual by the name of Mr. James Hamilton, entered the K-Mart Store together and while in the store the Defendant, Mr. Jones, removed a treadmill by placing in on top of a cart and attempting to wheel it out of the store with the help of store personnel without paying for that item. While the Defendant was attempting to wheel the treadmill out, the co-defendant, Mr. Hamilton, was holding the door open.
 {¶ 11} "Subsequently an investigation ensued and it was determined that the Defendant, in fact, Mr. Jones, had not paid for the items and is charged with one count of Robbery, a felony of the third degree, as a result of the Defendant, once he was approached by Loss PreventionPersonnel, he placed his hand inside his pocket as if to pull out a knifeor a gun and threatened to kill Loss Prevention Personnel Sicotte, asthey attempted to apprehend him.
 {¶ 12} "As a result of all of this, the Defendant is charged one count of Robbery, a felony of the third degree. This incident did occur in Xenia which is in Greene County, Ohio.
 {¶ 13} "THE COURT: Mr. Jones were you able to hear the prosecutor's statement?
 {¶ 14} "THE DEFENDANT: Yeah, I heard him.
 {¶ 15} "THE COURT: Do you understand that he has described the offense that you're pleading guilty to?
 {¶ 16} "THE DEFENDANT: Yeah
 {¶ 17} "THE COURT: And is that, in fact, what happened? If you disagree with what the Prosecutor described tell me how you disagree with what the Prosecutor said.
 {¶ 18} "THE DEFENDANT: I agree with him. I wasn't violent. Iagree with what he said. I didn't hurt anybody.
 {¶ 19} "MR. ADAMS: I think Mr. Jones said, I don't know if the court can understand him, was that there wasn't actually anyone injured.
 {¶ 20} "THE DEFENDANT: No.
 {¶ 21} "THE COURT: And I don't think that the Prosecutor indicated that there was anyone injured, so I think Mr. Jones agreed.
 {¶ 22} "THE DEFENDANT: I didn't say I was going to hurt anybody. I agreed to sticking there until the Police got there, so I agree with what he said."
 {¶ 23} THE COURT: The Court will accept the Defendant's plea of guilty to Robbery, a felony of the third degree, in violation of Ohio Revised Code Section 2911.12(A)(3) as the Defendant's voluntary and informed plea." (Emphasis supplied.) (T. pp. 7-9).
 {¶ 24} Defendant argues that the trial court erred when it accepted his plea because he had denied an essential element of the offense of Robbery as it is defined by R.C. 2911.02(A)(3); that he inflicted, attempted to inflict, or threatened to inflict physical harm on another. The denial alleged is manifested by his statement, "I didn't say I was going to hurt anybody." Defendant argues that "[b]ecause the trial court did not clear up the evident `confusion' it could not have been determined that Jones understood the nature of the plea nor that said plea was voluntarily made." (Brief, p. 7).
 {¶ 25} The State contends that whatever doubt or ambiguity Defendant's statement may have created was overcome by his several statements that he agreed with the prosecutor's statement that Defendant "placed his hand inside his pocket as if to pull a knife or a gun and threatened to kill Loss Prevention Personnel Sicotte." The State also contends that, even short of that, the court could accept the plea under the rule of North Carolina v. Alford (1970), 400 U.S. 25.
 {¶ 26} We recently discussed the requirements of an Alford plea inState v. Gossard (July 11, 2003), Montgomery App. No. 19494,2003-Ohio-3770. The record here falls far short of those requirements. The voluntary nature of an Alford plea must be affirmatively demonstrated by the record. State v. Piacella (1971), 27 Ohio St.3d 92. That requirement, alone, prevents use of the Alford rationale to clear up some evident confusion or resolve ambiguities.
 {¶ 27} The criminal justice system would surely collapse if every criminal case went to trial. Therefore, while it may seem strange to say so, the pleas of guilty or no contest that are entered in most cases are vital to the functioning of the system. Even so, that need and the heavy volume of hard work it involves cannot overcome the associated need to insure that a defendant is committed to the plea he or she enters. That does not mean the defendant must be glad of it; but it does mean that the defendant accepts it, wholly and without reservation. That is true even in the case of a genuine Alford plea, where acceptance of the benefit must be manifest. The duties that Crim.R. 11(C) imposes on the court are intended to achieve those goals.
 {¶ 28} We cannot say that Defendant's somewhat equivocal statement necessarily shows that he lacked an understanding of the nature of the charge to which he was pleading guilty. However, we conclude that the court could not fulfill the responsibility imposed on the court by Crim.R. 11(C)(1)(a) to determine what Defendant's understanding was in relation to the conduct he denied while the equivocation remained unclarified. The trial court therefore erred when it accepted Defendant's guilty plea on the record then before the court.
 {¶ 29} The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR {¶ 30} "Appellant Was Denied Effective Assistance Of Counsel When His Trial Counsel Failed To Issue A Subpoena For A Key Witness Nor To Seek A Continuance In Order To Issue Said Subpoena."
 {¶ 31} This assignment of error relates to the hearing Defendant's Crim.R. 32.1 motion to withdraw his guilty plea. Our resolution of the first assignment of error renders this assignment moot. Therefore, per App.R. 12(A)(1)(c), we decline to review and decide it.
 Conclusion {¶ 32} Having sustained Defendant-Appellant's first assignment of error, we will reverse his sentence and conviction and will order his guilty plea vacated. The case will be remanded for further proceedings.
BROGAN, J. and YOUNG, J., concur.