OPINION
{¶ 1} Defendant-appellant, Michael Staup (hereinafter "Staup"), appeals the judgment of the Auglaize County Court of Common Pleas, denying his motion to withdraw his pleas of guilty to one count of Pandering Obscenity Involving a Minor and one count of Unauthorized Use of Computer Property and denying his request for an extension of time to file a memorandum in support.
 {¶ 2} In 2002, Staup was employed as a teacher at New Knoxville High School in New Knoxville, Ohio. On March 22, 2002, he was indicted on ten counts of Pandering Obscenity Involving a Minor, in violation of R.C.2907.321, and ten counts of Unauthorized Use of Computer Property, in violation of R.C. 2913.04, for allegedly using the computers at New Knoxville High School to download sexually oriented stories involving minors. On October 18, 2002, he entered guilty pleas on one count of each and the remaining eighteen counts were dismissed.
 {¶ 3} Staup was subsequently sentenced to five years of community control. Because Staup violated the provisions of his community control, the trial court revoked the community control sanctions on July 1, 2003, and imposed an aggregate term of imprisonment of thirty months.
 {¶ 4} Staup applied for judicial release on August 25, 2003. The trial court denied his application. Staup then filed a petition to vacate or set aside his sentence, which the trial court denied on April 23, 2004. On May 14, 2004, Staup filed a motion to withdraw his guilty pleas. The trial court ordered memoranda to be filed by June 28, 2004 with regard to the motion. On June 25, 2004, Staup requested an extension of time until July 28, 2004 to file his memorandum. On July 6, 2004, the trial court denied Staup's motion for extension of time as well as his motion to withdraw his guilty plea.
 {¶ 5} It is from the trial court's July 6, 2004 decision that Staup appeals and sets forth three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred by denying defendant's motion to withdraw hisguilty plea when defendant involuntarily entered his plea without fullyunderstanding that he had a complete defense to the offense of panderingobscenity involving a minor.
 {¶ 6} Crim.R. 32.1 governs a motion to withdraw a guilty plea and states in pertinent part:
A motion to withdraw a plea of guilty or no contest may be made onlybefore sentence is imposed or imposition of sentence is suspended; but tocorrect a manifest injustice the court after sentence may set aside thejudgment of conviction and permit the defendant to withdraw his plea.
 {¶ 7} Therefore, a defendant seeking to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. Statev. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Additionally, the issues of "good faith, credibility and weight" of the defendant's assertions in support of his motion are matters within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Id.; State v. Kattleman, Auglaize App. No. 2-2000-25, 2000-Ohio-1805.
 {¶ 8} Staup argues herein that the trial court erred in denying his motion to withdraw his guilty plea because Staup did not enter the plea knowingly. Specifically, Staup asserts that he was unaware a defense to the charge of Pandering Obscenity Involving a Minor existed. Staup contends that he has a complete defense to the charge because the sexually oriented stories that he downloaded involved only fictional minors and not real persons. Since there were no real minors involved, Staup maintains that he did not commit the offense of Pandering Obscenity Involving a Minor and his incarceration for non-criminal conduct constitutes a manifest injustice.
 {¶ 9} Pandering Obscenity Involving a Minor is prohibited by R.C. 2907.32.1, which states in pertinent part:
No person, with knowledge of the character of the material orperformance involved, shall do any of the following:
 Buy, procure, possess or control any obscene material that hasa minor as one of its participants.
A "minor" is defined as "a person under the age of eighteen." R.C.2907.01(M).
 {¶ 10} The charges against Staup, in the case sub judice, stem from his downloading sexually oriented stories depicting minors from a computer at New Knoxville High School. When Staup entered a plea to one count of Pandering Obscenity Involving a Minor on October 18, 2002 it was uncontested that the downloaded stories were fictional. It was the state's position, at that time, that the possession of sexually oriented material involving fictitious minors violated R.C. 2907.32.1 if the material met the definition of obscenity, as defined in Kaplan v.California (1973), 413 U.S. 115. The trial court accepted Staup's guilty plea to pandering but expressed a desire for more research on the issue of whether a fictional minor participant qualified as a minor pursuant to the statute. Since the entry of Staup's plea, however, the United States Supreme Court has spoken directly to this issue and the law has become clear.
 {¶ 11} It has long been recognized that a state "cannot constitutionally premise legislation on the desirability of controlling a person's private thoughts." Stanley v. Georgia (1969), 394 U.S. 557. Yet, the state also has a legitimate interest in protecting children. Therefore, a state may constitutionally proscribe the private possession and reviewing of obscene material depicting children. Osborne v. Ohio
(1990), 495 U.S. 103. Prohibition has been upheld out of concern for the minor children involved and recognition of the state's interest in eradicating sexual abuse. See State v. Dalton, 153 Ohio App.3d 286,2003-Ohio-3813.
 {¶ 12} Recently, though, the United States Supreme Court determined that the constitutionally permissible prohibition of obscene material depicting children does not extend to the possession of obscene material depicting children created without using any real children. Ashcroft v.The Free Speech Coalition (2002), 535 U.S. 234. The Supreme Court held that "child pornography involving fictional children records no crime and creates no victims by its production." Id.
 {¶ 13} In State v. Engle (1996), 74 Ohio St.3d 525, the Ohio Supreme Court held that when a defendant enters and a court accepts a guilty plea with both acting on an erroneous understanding of the applicable law, the plea is not made knowingly and intelligently. As noted above, Staup, the trial court, and the state were all acting on the erroneous belief that sexually oriented material involving fictional minors constituted a violation of R.C. 2907.32.1. Accordingly, we find that Staup's plea to Pandering Obscenity Involving a Minor was not entered knowingly or intelligently and thereby created a manifest injustice warranting the withdrawal of his plea to that charge.
 {¶ 14} Further, because Staup entered his guilty pleas to one count of Pandering Obscenity Involving a Minor and one count of Unauthorized Use of Computer Property as part of a plea agreement, we find that his plea of guilty to Unauthorized Use of Computer Property must also be withdrawn. Accordingly, we find that the trial court erred in denying Staup's motion to withdraw his guilty plea.
 {¶ 15} Staup's first assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. II The trial court erred by denying defendant's motion to withdraw hisguilty plea because the conduct of private possession of sexuallyoriented material is protected by the First and Fourteenth Amendments tothe United States Constitution and Article I, Section 11 of the OhioConstitution so long as that material does not include the participationof real minors.
 ASSIGNMENT OF ERROR NO. III The trial court abused its discretion by denying defendant's motion forextension of time to file memorandum in support of withdrawal of hisplea.
 {¶ 16} Considering our disposition of Staup's first assignment of error, we find the remaining assignments of error to be moot.
 {¶ 17} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Rogers and Shaw, JJ., concur.