OPINION
{¶ 1} Defendant, Kyle Cheatham, was convicted upon entry of his guilty plea of non-support of his dependents in violation of R.C. 2919.21(B). In exchange, the State dismissed two other non-support charges and agreed to recommend community control sanctions. The trial court *Page 2 
sentenced Defendant to five years of community control.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an Anders brief,Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 3} Defendant's appellate counsel has raised three possible issues for appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "WHETHER APPELLANT, KYLE CHEATHAM, DID NOT INTELLIGENTLY, KNOWINGLY, AND VOLUNTARILY ENTER HIS PLEA OF GUILTY.
 {¶ 5} Defendant's appellate counsel suggests that Defendant's guilty plea may not have been knowingly, intelligently, and voluntarily entered, which due process requires. See, State v. Engle,74 Ohio St.3d 525, 1996-Ohio-179. We agree with Defendant's appellate counsel that a review of the plea hearing discloses that the trial court, in *Page 3 
accepting Defendant's plea, meticulously complied with all of the requirements in Crim.R. 11(C)(2). Accordingly, the trial court properly determined that Defendant's plea was knowing, intelligent and voluntary.Id. There is no arguable merit in this assignment of error.
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "WHETHER THE TRIAL COURT ERRED BY IMPOSING MORE THAN THE MINIMUM SENTENCE ALLOWABLE ON THE APPELLANT, THEREBY VIOLATING THE APPELLANT'SSIXTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION."
 {¶ 7} Defendant's conviction for non-support of his dependents was a felony of the fifth degree, for which the possible sentence is six to twelve months in prison. R.C. 2919.21(G)(1); 2929.14(A)(5). Defendant was eligible for community control, R.C. 2929.15, and the trial court sentenced Defendant to five years of community control sanctions.
 {¶ 8} In imposing that sentence the trial court indicated that it had reviewed the presentence investigation report, the purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. Defendant's sentence was not contrary to law. There is no arguable merit in this assignment of error. *Page 4 
 THIRD ASSIGNMENT OF ERROR
 {¶ 9} "WHETHER APPELLANT, KYLE CHEATHAM, HAD INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL COURT LEVEL."
 {¶ 10} Defendant's appellate counsel raises the issue of ineffective assistance of counsel, but fails to identify any acts or omissions by counsel that constitute deficient performance. In reviewing the trial court's proceedings, we have not discovered any basis to find deficient performance by defense counsel. As a result of counsel's plea bargaining efforts, three fifth-degree felony offenses, each carrying a potential sentence of six to twelve months, were reduced to just one offense, and Defendant was placed on community control. No deficient performance by defense counsel has been demonstrated. There is no arguable merit in this assignment of error.
 {¶ 11} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Penson v. Ohio. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 BROGAN, J. And DONOVAN, J., concur. *Page 1