[Cite as *State v. Toliver*, 2014-Ohio-3844.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-7 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2013-CR-699 |
| v. | : | |
| | : | |
| TREVOR TOLIVER, II | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of September, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

BRANDON CHARLES McCLAIN, Atty. Reg. #0088280, McClain Anastasi, LLC, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     Trevor Toliver was indicted on two counts of having weapons under disability,

one count of carrying a concealed weapon, one count of possession of cocaine, and one count of

possession of heroin. Toliver negotiated a plea agreement with the state, which the assistant prosecuting attorney put on the record at the plea hearing. "In return for his plea of guilty to [having weapons under disability] * * *," said the prosecuting attorney, "the parties would agree to a 30-month sentence in the Ohio State Penitentiary, and the State would agree to dismiss all the remaining counts and specifications." (Plea Tr. 3). When the prosecuting attorney had finished, defense counsel said to the judge:

> I neglected to tell [the prosecuting attorney] that Mr. Toliver indicated he would prefer to do a presentence investigation and stated-written up the plea agreement in the alternative. [sic].
>
> He would either do 30 months in the Ohio State Penitentiary or the PSI *but Mr. Toliver would like to do the PSI*. With that being said at this time Mr. Toliver would withdraw his former plea of not guilty.

(Emphasis added.) (*Id*. at 4). Before accepting Toliver's guilty plea, the court told him, among other things, that "[t]his offense * * * carries a maximum penalty of three years in the Ohio State Penitentiary and a $10,000 fine." (*Id*. at 6). The court then asked Toliver, "Do you understand that that's the maximum penalty?" (*Id*.). Toliver replied that he did.

{¶ 2} Accepting Toliver's guilty plea, the court later sentenced him to 3 years in prison.

{¶ 3} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9, quoting *State v.*

*Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In his sole assignment of error, Toliver contends that he made his guilty plea unknowingly, unintelligently, and involuntarily, because the trial court failed to tell him that it was not bound by the parties' sentencing agreement and that it could reject the agreed 30-month sentence after reviewing the presentence investigation report (PSI).

{¶ 4}    But the record shows that Toliver rejected the 30-month sentence offered to him in the plea agreement. Judging from the plea-hearing transcript, the plea agreement gave Toliver a choice: 30 months or take his chances with the judge. The transcript shows that Toliver chose the latter. The written plea agreement also shows these options and Toliver's choice. A paragraph in the written agreement states that the entire plea agreement is this: "Defendant to plead to count one and agree to forfeiture of the firearm, parties request a PSI and state agrees to dismiss counts two through five and all accompanying specifications." A hand-drawn arrow right after "PSI" leads up above the paragraph to a handwritten phrase that appears to be "or accept 30 months." The phrase is scratched out, and nearby are the initials of, it appears, the assistant prosecuting attorney and defense counsel.

{¶ 5}    In the end, by sentencing Toliver after considering the PSI report, the trial court abided by the plea agreement.

{¶ 6}    The sole assignment of error is overruled.

{¶ 7}    The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.