**[Cite as *State v. Bankston*, 2017-Ohio-9305.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

Court of Appeals No. OT-17-016

Appellee

Trial Court No. 16 CR 086

v.

Marcus Bankston

**DECISION AND JUDGMENT**

Appellant

Decided: December 29, 2017

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a March 16, 2017 judgment of the Ottawa County

Court of Common Pleas, sentencing appellant, Marcus Bankston, to an eight-year term of

incarceration following his convictions on one amended count of attempted aggravated

burglary, in violation of R.C. 2923.02(A), a felony of the second degree, and one count of

felonious assault, in violation of R.C. 2903.11(A) (1), a felony of the second degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Marcus Bankston, sets forth the following two assignments of error:

I. THE COURT MISINFORMED THE DEFENDANT ABOUT SEVERAL THINGS AND FAILED TO EXPLAIN THERE WAS A PRESUMPTION IN FAVOR OF A PRISON SENTENCE AND IN THE CONTEXT OF THIS CASE THE ACCEPTANCE OF THE GUILTY PLEA FROM A RELUCTANT AND HESITANT DEFENDANT ON THESE CLAIMS MAKES THE PLEA INVOLUNTARY.

II. THE TWO COUNTS PLEAD TO IN THIS CASE WERE ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO O.R.C. 2947.25.

{¶ 3} The following undisputed facts are relevant to this appeal. On June 16, 2016, appellant, a married man from Toledo, arranged to meet in person with an online, out-of-town girlfriend. Appellant travelled from Toledo to his girlfriend's mother's home, located in Ottawa County. While at the home, his girlfriend's father entered the home, tensions flared, and a confrontation commenced.

{¶ 4} As the confrontation escalated, a physical altercation ensued. Appellant struck the father over the head with great force utilizing a firearm to deliver the blow. As a result of the injuries inflicted upon the victim by appellant, the victim required

2.

emergency medical treatment, including a dozen staples necessary to repair a severe laceration of the victim's head.

{¶ 5} On August 25, 2016, appellant was indicted on six felony offenses, including two counts of aggravated robbery, two counts aggravated burglary, and two counts of felonious assault. On January 19, 2017, appellant pled guilty to Count 4, as amended to the lesser offense of attempted aggravated burglary, and Count 5, felonious assault. In exchange, the remaining four felony charges were dismissed.

{¶ 6} On March 16, 2017, the trial court sentenced appellant to two four-year terms of incarceration, one for each of the convictions, ordered to run consecutively, for a total term of incarceration of eight years.

{¶ 7} In addition, the court ordered appellant to pay $1,624.59 in restitution to the victim for medical expenses not covered by insurance. The court further ordered appellant to pay $3,408.62 in restitution to his girlfriend's mother for damage caused to her property not covered by insurance. This appeal ensued.

{¶ 8} In appellant's first assignment of error, he maintains that the court committed prejudicial error by allegedly prejudicially informing him about several aspects of the plea. Appellant maintains that as a result of the claimed trial court error, the plea was involuntary. We do not concur.

{¶ 9} We note that the de novo standard of review governs this appeal. This court looks to the "totality of the circumstances." *State v. Nicely*, 6th Dist. Fulton No. F-99-014, 2000 Ohio App. LEXIS 2883 (June 30, 2000).

3.

{¶ 10} While strict compliance with Crim.R. 11 is required for constitutional rights, only substantial compliance is required for non-constitutional rights. *State v. Kamer*, 6th Dist. Lucas Nos. L-08-1114 and L-08-1429, 2009-Ohio-5995, ¶ 30. A trial court reaches substantial compliance when it is clear, under the totality of the circumstances, that the defendant subjectively understood the effect of his plea, the rights he waived, and the implications of the plea. *Id.*

{¶ 11} Accordingly, if a trial court achieves substantial compliance, the appellate court should not "disturb the plea." *Id.* Furthermore, even if the trial court does not achieve substantial compliance, the appellate court should not disturb the plea absent a showing of prejudicial impact. *Id.* Stated differently, an appellant must show that he would not have entered into the plea if he had the rest of the information. *Id.*

{¶ 12} In Ohio, when a defendant enters a plea, the plea must be made "knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Furthermore, "[A]n alleged ambiguity during a Crim. R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, syllabus.

{¶ 13} Here, appellant claims that his non-constitutional rights under Crim.R. 11 were violated because the trial court did not tell him that there was a presumption of prison time given the presumption against probation.

4.

{¶ 14} The record reflects that despite the claimed improprieties, any claimed prejudicial impact is refuted by the explicit language in the written plea agreement, which fully and correctly addressed both presumptions. In addition, the record reflects that the trial court clearly confirmed with appellant that he read, signed, and understood the plea agreement. The trial court further clearly confirmed that appellant signed the plea agreement of his own free will. The record reflects, given the totality of the circumstances, that appellant was aware that prison was presumed.

{¶ 15} Appellant next claims that he was somehow prejudiced in connection to being informed of his right to appeal. We need not belabor consideration of this contention. The record reflects that appellant's right to appeal was not infringed upon and said right was fully pursued culminating in the instant matter.

{¶ 16} Finally, appellant maintains that the trial court misinformed him about whether he was eligible for a possible reduction of the sentence. This does not invalidate the plea unless prejudice can be shown. The record reflects no evidence that appellant would not have otherwise entered the guilty plea. Given no evidence of prejudice, we find appellant's first assignment of error not well-taken.

{¶ 17} In appellant's second assignment of error, he maintains that the two offenses were allied offenses of similar import. We do not concur.

{¶ 18} It is well-established that if a defendant does not raise a claim before the trial court that two or more offenses are allied offenses of similar import, the right to raise

5.

the issue on appeal is waived. *State v. Trevino*, 6th Dist. Erie No. E-13-042, 2014-Ohio-3363, ¶ 12.

{¶ 19} Appellant now maintains on appeal that the two counts pled to pursuant to the plea agreement are allied offenses of similar import. Although the record shows that appellant has waived this contention for purposes of appeal, assuming arguendo that were not the case, we shall further consider the substantive merit of appellant's argument.

{¶ 20} If two counts are shown to be allied offenses of similar import, there can only be one conviction. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 13.

{¶ 21} Conversely, a defendant may be convicted on all counts if one of the following is true: "(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." R.C. 2941.25(B).

{¶ 22} Offenses are of dissimilar import when a defendant's conduct "victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted on multiple counts." *Ruff* at ¶ 26.

{¶ 23} The record reflects that the separate victims in this case are the girlfriend's two parents. The girlfriend's father is the felonious assault victim, while the girlfriend's mother is the attempted aggravated burglary victim. Appellant was ordered to pay each separate victim separate restitution. The record further reflects that the harm to each victim is separate and identifiable. Given these facts and circumstances, appellant has

6.

failed to establish allied offenses of similar import. We find appellant's second assignment of error not well-taken.

**{¶ 24}** Lastly, we note that although the record clearly reflects a meeting of the minds between appellant, the trial court, and all counsel, that, pursuant to a plea agreement, appellant was entering a plea to one count of attempted aggravated burglary, in violation of R.C. 2911.11(A)(2), and appellant was properly sentenced in accordance with that conviction, the subsequent trial court sentencing entry incorrectly stated the offense to be in violation of R.C. 2911.12(A)(2), rather than R.C. 2911.11(A)(2).

**{¶ 25}** As concisely stated in *US Bank v. Schubert*, 9th Dist. Lorain No. 13-CA-10462, 2014-Ohio-3868, at ¶ 10, "*A nunc pro tunc entry may be issued by a trial court*, *as an exercise of its inherent power*, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded * * * *It can be used * * * to correct typographical or clerical errors*." (Emphasis added).

**{¶ 26}** Given the above-described typographical error in the sentencing entry, although the judgment of the trial court is being affirmed, we are remanding this matter to the trial court for the limited purpose of consideration by the trial court of exercising its inherent power to issue a nunc pro tunc entry reflecting the correct section of the Revised Code.

7.

**{¶ 27}** The judgment of the Ottawa County Court of Common Pleas is affirmed.

The case is remanded to the trial court for the purpose as stated above. Pursuant to

App.R. 24, the costs of this appeal are assessed to appellant.

Judgment affirmed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                                    JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.            _____
CONCUR.                                     JUDGE

                                        _____
                                                    JUDGE

8.