[Cite as *State v. Fedyszyn*, 2023-Ohio-4267.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-P-0035 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| CHRISTINE N. FEDYSZYN, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 01346 D |

**O P I N I O N**

Decided: November 27, 2023
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Eric R. Fink*, 11 River Street, Kent, OH 44240 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Christine Fedyszyn ("Ms. Fedyszyn"), appeals from the judgment of the Portage County Court of Common Pleas sentencing her to 30 months in prison following her guilty plea to obstructing justice, a third-degree felony.

{¶2} Ms. Fedyszyn's appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting there are no meritorious issues for review. After an independent review of the record pursuant to *Anders*, we find the appeal is wholly frivolous. Thus, we grant

appellate counsel's motion to withdraw and affirm the judgment of the Portage County Court of Common Pleas.

## Procedural and Substantive History

{¶3} In November 2022, the Portage County Grand Jury indicted Ms. Fedyszyn on three counts: obstructing justice, a third-degree felony, in violation of R.C. 2921.32; intimidation of a crime victim, a first-degree misdemeanor, in violation of R.C. 2921.04; and endangering children, a first-degree misdemeanor, in violation of R.C. 2919.22. The charges arose from Ms. Fedyszyn's alleged obstruction of the police's investigation regarding her boyfriend's alleged sexual assault of her minor daughter.

{¶4} Ms. Fedyszyn initially pleaded not guilty. She subsequently entered into a written plea of guilty to count 1 (obstructing justice) in exchange for the state's dismissal of counts 2 and 3. The trial court held a change of plea hearing and engaged in a plea colloquy with Ms. Fedyszyn pursuant to Crim.R. 11(C)(2). The trial court found Ms. Fedyszyn knowingly, intelligently, and voluntarily entered her guilty plea; found her guilty; dismissed the remaining charges; and ordered a presentence investigation. At the sentencing hearing, the trial court sentenced Ms. Fedyszyn to 30 months in prison.

{¶5} Ms. Fedyszyn filed a notice of appeal. Her appellate counsel subsequently filed a brief pursuant to *Anders*, *supra*, asserting there are no non-frivolous issues for review, and a motion to withdraw. Appellate counsel set forth the following potential assignment of error:

{¶6} "The Defendant-Appellant's plea was not knowingly, intelligently, or voluntarily entered into."

2

**Standard of Review**

{¶7}  In *Anders*, the Supreme Court of the United States held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw.  *Id.* at 744.  This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal.  *Id.*  Further, counsel must furnish his or her client with a copy of the brief and the request to withdraw, and give the client an opportunity to raise any additional issues.  *Id.*  Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous.  *Id.*  If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits.  *Id.*  If, however, the court concludes the appeal is not frivolous, it must appoint new counsel.  *Id.*

{¶8}  This court issued a judgment entry granting Ms. Fedyszyn 30 days to file her own submission if she so chose.  Ms. Fedyszyn did not file her own submission.  Accordingly, we proceed to conduct an independent review of the record pursuant to *Anders*.

**Guilty Plea**

{¶9}  As a potential assignment of error, appellate counsel asserts Ms. Fedyszyn's guilty plea was not knowingly, intelligently, or voluntarily made.

{¶10}  "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."  *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

3

{¶11} Crim.R. 11 was adopted to give detailed instructions to trial courts on the procedures to follow before accepting guilty pleas. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. Crim.R. 11(C)(2) provides, in relevant part:

{¶12} "In felony cases the court * * *shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:

{¶13} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶14} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶15} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶16} We do not find any meritorious issues for review in relation to the trial court's compliance with Crim.R. 11(C)(2). A review of the plea hearing transcript demonstrates that the trial court engaged in a plea colloquy with Ms. Fedyszyn that fully complied with Crim.R. 11(C)(2). In particular, the trial court addressed Ms. Fedyszyn personally and advised her (1) she was pleading guilty to a third-degree felony, which carried a maximum

4

penalty of 36-months in prison, a $10,000 fine, and court costs; (2) the trial court, upon acceptance of her plea, could proceed to sentence her; (3) by pleading guilty, she was waiving her rights to a jury trial, to confront witnesses against her, to compel witnesses to testify for her, and to require the state to prove her guilt beyond a reasonable doubt at a trial; and (4) she had a constitutional right not to testify.  Ms. Fedyszyn confirmed she understood the trial court's advisements.  Accordingly, the record demonstrates Ms. Fedyszyn's guilty plea was knowingly, intelligently, and voluntarily made.  The potential assignment of error is without merit.

{¶17}  After an independent review of the record, we conclude the instant appeal is wholly frivolous.  Appellate counsel's motion to withdraw is granted, and the judgment of the Portage County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

ROBERT J. PATTON, J.,

concur.

5