[Cite as *State v. Hamad*, 2016-Ohio-5077.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY


State of Ohio                                    Court of Appeals No. E-15-068

    Appellee                               Trial Court No. 2014-CR-505

v.

Yousif N. Hamad                            **DECISION AND JUDGMENT**

    Appellant                              Decided:  July 22, 2016

* * * * *

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Erie County Court of Common Pleas.  In this case, the court accepted appellant's guilty plea to a violation of R.C. 2923.01(A)(1), Count 1 of the original indictment, conspiracy to commit aggravated robbery, a felony of the second degree in case No. 2014-CR-505. The remaining two counts of the indictment were dismissed and all five of the counts of

the indictment in case No. 2014-CR-220 were also dismissed. Appellant was sentenced to serve a period of incarceration of five years and ordered to pay a fine of $1,000 in addition to all costs.

{¶ 2} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

{¶ 3} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did not file a pro se brief on his own behalf in this appeal. Appellee, state of Ohio, has not filed a responsive brief.

{¶ 4} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed and considered the entire record from below including the transcripts of all proceedings and journal entries and

2.

original papers from the Erie County Court of Common Pleas, as well as the briefs filed by counsel. Upon this review, we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 5} Counsel refers to several possible, but ultimately indefensible, issues: (1) appellant's plea was unknowing and involuntary, and (2) the trial court, in imposing incarceration for the offense, failed to properly consider the relevant sentencing statutes and the sentence is not supported by the record.

{¶ 6} A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970).

{¶ 7} "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 8} Crim.R. 11(C)(2) was adopted in 1973, giving detailed instruction to trial courts on the procedure to follow when accepting pleas. That rule states:

> In felony cases the court may refuse to accept a plea of guilty or a
> plea of no contest, and shall not accept a plea of guilty or no contest
> without first addressing the defendant personally and doing all of the
> following:

3.

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} In this case before the court today, the transcript of the plea proceedings of August 31, 2015, establishes that the court engaged in a proper colloquy with the appellant. The court initially inquired about his educational status, whether he understood the English language, and whether he was under the influence of any medication. The court then proceeded to explain each of the enumerated rights that he was giving up with his plea, including the right to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in appellant's favor, and

4.

to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the appellant would not have been compelled to testify against himself. In each instance, the appellant responded that he understood. The court also went on to then explain to appellant the maximum sentence that was associated with his plea to the charge of the indictment. Appellant indicated that he understood the sentence.

{¶ 10} The transcript also reveals that the trial court advised appellant of the consequences of being placed on community control.

{¶ 11} The plea form that was executed by appellant in the courtroom on August 31, 2015, also advised appellant of his constitutional rights.

{¶ 12} The record shows that Crim.R. 11(C) was properly followed and appellant made an intelligent, knowing, and voluntary acceptance of the plea agreement.

{¶ 13} Therefore, the record establishes that appellant's plea was knowingly, intelligently, and voluntarily entered into by appellant. The proposed first assignment of error presented by counsel is found not well-taken.

{¶ 14} Counsel presents a second proposed assignment of error that claims that the trial court, in imposing incarceration for the offense, failed to properly consider the relevant sentencing statutes and the sentence is not supported by the record.

{¶ 15} R.C. 2953.08(G) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code."

5.

**{¶ 16}** Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

**{¶ 17}** We note that the sentence in this case does not require the findings that R.C. 2953.08(G) specifically addresses. However, the Supreme Court has recently held in *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002:

> Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

**{¶ 18}** R.C. 2929.11 states, in relevant part:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without

imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

{¶ 19} R.C. 2929.12 states, in relevant part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating

to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

(F) The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

{¶ 20} Appellant pled guilty to one count of a multiple-count indictment. He pled guilty to a violation of R.C. 2911.01 and 2923.01(A)(1), an offense of conspiracy to commit aggravated robbery, a second-degree felony. The transcript of the October 8, 2015 sentencing establishes that the court had listened to statements of the victim, the prosecutor, appellant's mother, defense counsel, appellant himself, as well as a presentence report. The court indicated the gravity of the offense that was characterized as a home invasion where one of the perpetrators had possession of a firearm. Also, the victim was restrained with some type of tape over her arms, legs and face. The court also noted that appellant did not have any prior conviction of a criminal nature and that he had some type of medical condition.

12.

**{¶ 21}** The court found that the victim suffered serious physical, psychological and economic harm and that injury was exacerbated by the age of the victim. The court also found that appellant acted for hire as part of an organized criminal activity. The court also found that while there are factors that would make recidivism less likely, appellant did not express remorse for his crime. The court further found that the maximum sentence would not have been appropriate.

**{¶ 22}** The court concluded that it had found appellant not amenable to community control and had considered the principles and purposes of sentencing under R.C. 2929.11 and further balanced the seriousness and recidivism factors under R.C. 2929.12. These conclusions were also incorporated into the sentencing judgment entry of October 8, 2015.

**{¶ 23}** A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

**{¶ 24}** After a thorough review of the entire record including the pleadings, transcripts and reports made available to the court, we find appellant's second proposed assignment of error not well-taken.

13.

**Conclusion**

{¶ 25} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered appellant's proposed assignments of error. The motion of counsel for appellant requesting to withdraw as counsel is granted, and we have determined this appeal to be wholly frivolous.

{¶ 26} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. 

_____
JUDGE

Thomas J. Osowik, J. 

James D. Jensen, P.J. 
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.