[Cite as *State v. Dashner*, 2017-Ohio-8259.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-17-1053

      Appellee                                     Trial Court No. CR0201602508

v.

Christopher Dashner                          **DECISION AND JUDGMENT**

      Appellant                                    Decided:  October 20, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Andrew J. Lastra, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal brought by appellant from the judgment of the Lucas

County Court of Common Pleas.  In this case, the court accepted appellant's no contest

plea to a violation of R.C. 2903.11(A) and (D), Count 1 of the original indictment,

felonious assault, a felony of the second degree.  Appellant was sentenced to serve a

period of incarceration of four years, to be served consecutively to a community control term of ten months imposed in another case not subject to review by this court.

{¶ 2} Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, she should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

{¶ 3} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did not file a pro se brief on his own behalf in this appeal. Appellee, state of Ohio, has filed a responsive brief.

{¶ 4} Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed and considered the entire record from below including the transcript of all proceedings and journal entries and original papers from the Lucas County Court of Common Pleas as well as the briefs filed

2.

by counsel. Upon this review we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 5} Counsel refers to several possible, but ultimately indefensible, issues: (1) appellant's plea was not entered into willingly, knowingly or involuntarily and (2) appellant could argue the sentence was excessive.

{¶ 6} A plea of guilty or a plea of no contest operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970).

{¶ 7} Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 1996 Ohio 179, 660 N.E.2d 450.

{¶ 8} Crim.R. 11(C)(2) provides detailed instruction to trial courts on the procedure to follow when accepting pleas. That rule states:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for

3.

probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} In this case before the court, the transcript of the plea proceedings of January 3, 2017, establishes that the court engaged in a proper colloquy with the appellant. The court initially inquired about his educational status, whether he understood the English language and whether he was under the influence of any medication. The court then proceeded to explain each of the enumerated rights that he was giving up with his plea, including the right to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the appellant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the appellant would not have been compelled to testify against himself. In each instance, appellant responded that he understood. The court also went on to then explain

4.

to appellant the maximum sentence that was associated with his plea to the charge of the indictment. Appellant indicated that he understood the sentence. The trial court also properly advised appellant that he would be subject to a mandatory period of three years of postrelease control.

{¶ 10} The transcript also reveals that the trial court advised appellant of the consequences of being placed on community control.

{¶ 11} The plea form that was executed by appellant in the courtroom on January 3, 2017, also advised appellant of his constitutional rights.

{¶ 12} The record shows that Crim.R. 11(C) was properly followed and appellant made an intelligent, knowing, and voluntary acceptance of the plea agreement. Therefore, the record establishes that appellant's plea was knowingly, intelligently, and voluntarily entered into by appellant. The proposed first assignment of error presented by counsel is found not well-taken.

{¶ 13} Counsel presents a second proposed assignment of error that claims that the trial court imposed an excessive period of incarceration when it sentenced appellant to a period of incarceration of four years and further ordered the sentence to be served consecutive to a community control violation in case No. CR0201502700.

{¶ 14} The record establishes that at the time of the felonious assault, appellant was a patient in the psychiatric ward of Flower Hospital. He was also under a term of community control in another felony, in case No. CR0201502700. The record further establishes that appellant brutally attacked a nurse who required 13 stitches, suffered a

5.

broken nose and an orbital fracture as a direct result of appellant's attack. The record clearly demonstrates that the trial court considered the enumerated factors set forth in R.C. 2929.12

{¶ 15} We also find that the trial court properly imposed consecutive sentences. R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

6.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} In this case, on the record at the February 14, 2017 sentencing hearing and in the judgment entry, the trial court found that the imposition of consecutive sentences was necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court also specifically found that appellant was under postrelease control for a prior offense at the time of the commission of the felonious assault.

{¶ 17} After a thorough review of the entire record including the pleadings, transcripts and reports made available to the court, we find appellant's second proposed assignment of error not well-taken.

## Conclusion

{¶ 18} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered appellant's proposed assignments of error. Finding this appeal to be wholly frivolous, the motion of counsel for appellant to withdraw is granted.

7.

**{¶ 19}** The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.         _____
JUDGE

James D. Jensen, P.J.

_____
Christine E. Mayle, J.         JUDGE
CONCUR.

_____
JUDGE