[Cite as *State v. Gomez*, 2017-Ohio-9072.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 17 MA 0001 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ROLANDO PENA GOMEZ | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:           Criminal Appeal from the Court of
                                    Common Pleas of Mahoning County,
                                    Ohio
                                    Case No. 16 CR 599

JUDGMENT:                           Affirmed.

APPEARANCES:

For Plaintiff-Appellee:             Atty. Paul J. Gains
                                    Mahoning County Prosecutor
                                    Atty. Ralph M. Rivera
                                    Assistant Prosecuting Attorney
                                    21 West Boardman Street, 6th Floor
                                    Youngstown, Ohio 44503

For Defendant-Appellant:            Atty. Christopher P. Lacich
                                    Roth, Blair, Roberts, Strasfeld
                                      & Lodge, LPA
                                    100 East Federal Street, Suite 600
                                    Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                                    Dated: December 15, 2017

WAITE, J.

{¶1} Appellant Rolando Pena Gomez appeals the conviction and sentence of the Mahoning County Court of Common Pleas following his plea of guilty to three counts of trafficking in cocaine, one count of trafficking in heroin and one count of possession of heroin as well as a forfeiture specification that involved a motor vehicle. Appellant contends his plea was not made knowingly, intelligently and voluntarily and that he should be permitted to withdraw his plea. Appellant also asserts his trial counsel was ineffective for failing to seek a withdrawal of his guilty plea. Based on the following, we find Appellant's guilty plea was knowing, voluntary and intelligent and his sentence was not clearly and convincingly contrary to law. Moreover, trial counsel was not ineffective as Appellant has failed to establish that counsel's performance was deficient and that Appellant was prejudiced. Therefore, the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2} Appellant was indicted on a number of drug-related offenses relating to the possession and trafficking of cocaine and heroin. Appellant was aided by an interpreter throughout all trial court proceedings as he speaks only Spanish. On October 6, 2016, Appellant pleaded guilty to counts one, two, and three, trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(f), felonies of the first degree; count four, trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(f), a felony in the first degree; and count six, possession of heroin in violation of R.C. 2925.11(A), (C)(6)(e), a felony in the first degree; with a forfeiture specification pursuant to R.C. 2981.

**{¶3}** An initial sentencing hearing was held on December 1, 2016. The state recommended a term of eight to ten years of incarceration. Appellant's counsel asked for a three-year sentence. At the sentencing hearing, there was some discrepancy regarding the presentence investigation ("PSI") report. The PSI contained no prior criminal history but the prosecutor said he was aware Appellant served a prior federal prison sentence on drug-related charges. The sentencing was postponed pending a review of Appellant's prior criminal history.

**{¶4}** Sentencing resumed on December 8, 2016, and a discussion regarding Appellant's criminal history was held. The updated PSI reflected that Appellant had been convicted of numerous misdemeanors in other jurisdictions and had two prior felony convictions. (12/8/16 Sentencing Hrg. Tr., p. 5.) Appellant's counsel again requested a shorter term than the eight to ten years recommended by the state. Appellant, through the interpreter, gave a statement where he discussed the death of both parents when he was a child and his struggle with substance abuse.

**{¶5}** After noting Appellant's prior criminal history, his addiction, and the large amount of cocaine and heroin confiscated in the instant matter, the trial court sentenced Appellant to eight years on each count to be served concurrently, for a total prison term of eight years. Appellant filed this timely appeal.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO LAW, BY FAILING TO CALL A RECESS OR MAKE FURTHER INQUIRY AS TO WHETHER

DEFENDANT-APPELLANT WANTED TO WITHDRAW HIS GUILTY PLEA TO COUNTS ONE, TWO, THREE, FOUR AND SIX, UPON HIS STATEMENT ON THE RECORD AT HIS SENTENCING HEARING, THAT HE MISUNDERSTOOD THE TERMS OF HIS RULE 11 PLEA AGREEMENT AND/OR THAT HE WAS INNOCENT OF COUNT SIX, TRAFFICKING IN HEROIN.

**{¶6}** It should be noted that in reviewing a felony sentence, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶7}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11 requires the trial court to follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he or she understands the plea being entering and the rights voluntarily waived. Crim.R. 11(C)(2).

**{¶8}** Crim.R. 11(C)(2)(c) sets forth the constitutional rights that the defendant waives by entering the guilty plea.

A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. (Crim.R. 11(C)(2)(c), applied.)

*State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.

**{¶9}** Crim.R. 11(C) also sets forth the nonconstitutional rights that a defendant must be informed of prior to the trial court's acceptance of the plea. These rights include that: (1) a defendant must be informed of the nature of the charges; (2) the defendant must be informed of the maximum penalty involved; (3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and (4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b); *State v. Philpott*, 8th Dist. No. 74392 (Dec. 14, 2000), citing *McCarthy v. U.S.*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). When discussing nonconstitutional rights, the trial court must substantially comply with the Criminal Rules. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Substantial compliance is defined as whether, under the totality of the circumstances, the defendant subjectively understands the implications of his plea

and the rights he is waiving. *Id.* Moreover, when nonconstitutional aspects of the Crim.R. 11 plea colloquy are at issue, the defendant must show prejudice before a plea will be vacated. *Veney* at ¶ 17. "To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered." *Id.* at ¶ 15, citing *Nero* at 108.

{¶10} Appellant contends that he did not enter his plea in a knowing, voluntary or intelligent fashion. Hence, his sentence is clearly and convincingly contrary to law. Appellant contends that because he indicated at the final sentencing hearing that he did not think he was going to get sentenced to an eight year term of imprisonment and he professed his innocence to the charge of trafficking in heroin, the trial court failed to substantially comply with Crim.R. 11 because the court was required to grant a recess to give Appellant an opportunity to speak with his counsel.

{¶11} A review of the transcript from Appellant's plea hearing reveals the trial court fully complied with Crim.R. 11(C)(2)(c) and fully advised Appellant of the constitutional rights he was waiving by entering a plea of guilty on all of the counts including count six, trafficking in heroin. The trial court substantially complied when advising Appellant regarding the nonconstitutional aspects of the Crim.R. 11 colloquy. Through his interpreter, Appellant stated several times that he fully and completely understood his rights, both constitutional and nonconstitutional, and all aspects of his plea agreement. (10/6/16 Plea Hrg. Tr., pp. 5-15.) In fact, there is no indication in the record that there was any point during his plea hearing where Appellant misunderstood or was not completely aware of the circumstances

surrounding his guilty plea. The trial court discussed Appellant's potential sentences at the plea hearing:

> [Appellant], when we come back here for sentencing, the state [sic] of Ohio is going to recommend a period of imprisonment between eight to ten years. Attorney Smith is going to ask for something less than that. I don't know enough about you, and I don't know enough about this case to tell you what sentence I'm going to impose, but I will tell you based upon your acceptance of responsibility, that I will not exceed what the prosecutor is asking for. So the worst sentence that can be imposed would be ten years, but you are free to ask for something less. Do you understand all of that?

(10/6/16 Plea Hrg. Tr., p. 12.)

{¶12} Appellant answered that he understood the statement. At the first sentencing hearing the record is equally devoid of any indication from Appellant or Appellant's counsel that he did not understand the terms of his plea agreement or wished to withdraw his plea. There was extensive discussion about Appellant's prior criminal history and it was agreed by the state, Appellant's counsel and the trial court that it would be unwise to proceed with sentencing without a correct presentence investigation report.

{¶13} At his second sentencing hearing, after a discussion regarding the updated presentence investigation, there was again no indication that Appellant misunderstood the terms of his plea or any of his rights. The trial court asked

Appellant if he wished to make a statement, and Appellant, via the interpreter, told the trial court about his mother and father dying when he was eleven years old and that he has had a severe drug problem. (12/8/16 Sentencing Hrg. Tr., p. 4.) Given the opportunity to make a statement, Appellant at no time expressed that he was unsure about his plea, that he had questions regarding his plea, or that he wished to withdraw his plea. He also did not profess innocence on any of the charges or offer any evidence regarding his innocence. The trial court proceeded to sentence Appellant, considering the appropriate statutory factors, including his criminal history and the large amount of cocaine and heroin recovered from Appellant, to a term of eight years of incarceration on each count to be served concurrently. Only then did Appellant make the following statement:

> But you said to me that if I -- when I submitted my plea that I wasn't going to get eight years, or I wouldn't have pled guilty. And also tell him that I pled guilty for trafficking in heroin, and I didn't sell heroin to anybody.

(12/8/16 Sentencing Hrg. Tr., p. 9.)

{¶14} Appellant contends that at this point the trial court should have called a recess so that he could confer with his counsel. However, there is no requirement for recess. Appellant's alleged surprise at the sentence and protestations of innocence of the trafficking in heroin charge are belied by his repeated indications at the plea hearing and two sentencing hearings that he understood the terms of his plea agreement. Moreover, Appellant's comments at the hearing do not reflect that he

was confused or sought explanation. His comments show that he completely understood the process but simply disagrees with the number of years to which he was sentenced. This, despite the fact that the trial court indicated at the first plea hearing that Appellant's potential sentence could be ten years. Finally, Appellant's counsel filed a motion for reconsideration of sentence based upon the discrepancy between Appellant's sentence and the sentence received by his co-defendant, but at no time was a motion to withdraw his guilty plea filed nor was there any indication that Appellant's plea was not validly entered.

{¶15} Therefore, Appellant's first assignment of error is without merit and is overruled. There is no indication that his plea was not knowingly, voluntarily or intelligently made.

<u>ASSIGNMENT OF ERROR NO. 2</u>

PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO CALL FOR A RECESS OR MAKE FURTHER INQUIRY TO PROTECT DEFENDANT-APPELLANT'S RIGHTS WHEN HIS CLIENT INDICATED AT THE SENTENCING HEARING, AND BEFORE THE RECORD CLOSED, THAT HE MISUNDERSTOOD THE TERMS OF THE RULE 11 PLEA AGREEMENT AND/OR WAS INNOCENT OF COUNT SIX, TRAFFICKING IN HEROIN.

{¶16} Appellant contends he received ineffective assistance of trial counsel when counsel failed to call for a recess after Appellant indicated he disagreed with the sentence imposed.

**{¶17}** In a claim for ineffective assistance of counsel, a court must indulge in a strong presumption that counsel's performance fell within a wide range of reasonable professional assistance. Appellant bears the burden of demonstrating that counsel's performance fell below an objective standard of professional competence. If successful, the appellant must then show that he was prejudiced by that deficiency. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Deficient performance" means performance falling below an objective standard of reasonable representation. *Id.* at 687-688. "Prejudice," in this context, means a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.

**{¶18}** An "ineffectiveness claim * * * is an attack on the fundamental fairness of the proceeding whose result is challenged," and that, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 697, 670. An appellant's burden when challenging the effectiveness of counsel is to demonstrate that some action or inaction by counsel operated to undermine or call into question the integrity of the process that resulted in conviction. *State v. Calhoun,* 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶19}** There is no indication here that trial counsel's performance fell below the standard of professional assistance. Counsel advocated for a lesser sentence for Appellant based on the mitigating factors presented to the court not only at the first sentencing hearing, but also when sentencing resumed one week later. Appellant indicated that he had been fully informed of his plea agreement by his counsel and

never indicated otherwise. Trial counsel was not required to ask for a recess after Appellant was sentenced based on Appellant's statement that he thought he would receive less time and his comment (for the first time) that he was innocent of the trafficking in heroin charge. There is no evidence in the record to support Appellant's claim of innocence. Without more, trial counsel had no basis on which to argue that Appellant's plea was not valid. Finally, trial counsel did file a motion for reconsideration after sentencing based on the discrepancy in sentencing between Appellant and his co-defendant.

{¶20} Appellant has failed to establish deficient performance by trial counsel. As he cannot show even one prong of the *Strickland* test, Appellant's second assignment of error is without merit and is overruled.

{¶21} Based on the foregoing, Appellant's sentence is not clearly and convincingly contrary to law. Moreover, Appellant has not demonstrated that his trial counsel was ineffective. Therefore, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.