[Cite as *State v. Stevenson*, 2023-Ohio-1541.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-T-0100** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| RICHARD D. STEVENSON, | Trial Court No. 2021 CR 00750 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: May 8, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}   Appellant, Richard D. Stevenson, appeals the judgment imposing sentence following his plea of guilty to voluntary manslaughter and an attendant gun specification. We affirm.

{¶2}   In December 2021, an indictment was filed charging Stevenson with the following two counts: (1) felony murder, in violation of R.C. 2903.02(B) and (D); and (2) second-degree felonious assault, in violation of R.C. 2903.11(A)(2) and (D)(1)(a). Both charges included attendant firearm specifications pursuant to R.C. 2941.145.

{¶3} Stevenson originally pleaded not guilty. Thereafter, pursuant to a plea agreement, Stevenson pleaded guilty to an amended first count of voluntary manslaughter with an attendant firearm specification, and the state agreed to dismiss the second count. The trial court ordered a pre-sentence investigation and report and set the matter for sentencing. At sentencing, the court imposed an indefinite term of 8 to 12 years of imprisonment on the voluntary manslaughter charge and 3 years of imprisonment on the gun specification, to be served prior and consecutive to the voluntary manslaughter sentence.

{¶4} In Stevenson's sole assigned error, he maintains:

{¶5} "The Appellant's guilty plea was not knowingly and intelligent[l]y made because whether the Appellant could hear the trial court at the plea was in question."

{¶6} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "The United States Supreme Court has held that a knowing and voluntary waiver of the right to jury trial, the right against compulsory self-incrimination, and the right to confront one's accusers cannot be inferred from a silent record." *Veney* at ¶ 7, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "Crim.R. 11 was adopted in 1973, giving detailed instruction to trial courts on the procedure to follow when accepting pleas." *Veney* at ¶ 7.

2

Case No. 2022-T-0100

{¶7}  Here, at the change of plea hearing, the trial court engaged in a plea colloquy pursuant to Crim.R. 11(C), which pertains to guilty pleas entered in felony cases. Stevenson does not challenge the trial court's advisements during the plea colloquy. However, he maintains that, at the subsequent sentencing hearing, it was apparent he was having difficulty hearing, and, once he obtained a hearing device, he began to argue with the trial court regarding the facts of the case.  Stevenson maintains that this series of events raises sufficient doubt regarding whether he heard the original plea agreement and knowingly and intelligently understood what occurred at the change of plea hearing.

{¶8}  However, at the commencement of the change of plea hearing, the court asked Stevenson, "Can you hear me okay?" and Stevenson responded, "Yes, sir." Thereafter, there are only two instances which may suggest that Stevenson was having difficulty hearing during the change of plea hearing.  The first instance occurred when the trial court inquired if Stevenson has suffered from any kind of mental illness or disease, to which Stevenson responded, "Pardon?"  The court then repeated the question, Stevenson answered, and the hearing proceeded.  The second instance occurred after the plea colloquy.  At that point, the court asked Stevenson if he was ready to change his plea, to which Stevenson responded, "No, sir."  It is not clear if Stevenson responded in this manner due to his inability to hear the question, but, after speaking with his attorney, the court repeated the question, and Stevenson responded, "Yes."  The change of plea hearing then proceeded without further issue.  Accordingly, the transcript does not indicate that Stevenson had any difficulty hearing the trial court at the change of plea hearing, aside from instances that were immediately addressed by the trial court.

3

{¶9}    At the sentencing hearing, Stevenson had difficulty hearing the court at the beginning of the hearing, and the court provided him with a hearing device.  During allocution, Stevenson made statements regarding the facts of the case that the trial court apparently found to lack credibility.

{¶10}    We cannot say that because Stevenson was unable to hear the court at the commencement of the sentencing hearing and because he disagreed with the court on the facts of the case at that time, it necessarily follows that he was also unable to hear the court during portions of the plea hearing that were not addressed by the trial court as set forth above.  To the contrary, Stevenson affirmatively acknowledged his ability to hear the trial court at the plea hearing and specifically indicated an instance when he did not hear the court, resulting in the court repeating the question.  Stevenson did not indicate at the plea hearing, as he did at the sentencing hearing, that he was having any difficulty hearing the trial court.

{¶11}   Therefore, the premise underlying Stevenson's argument that his plea was unintelligently or unknowingly made is unavailing, and Stevenson's sole assigned error lacks merit.

{¶12}   The judgment is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

4